modes prefcribed in *England.* This act exprefsly confines the remedy of the mortgagee to the recovery of *the principal and intereft* due on the mortgage; and the proceedings under the law fhew the uniform conftruction of it. The *Scire Facias* is to fhew caufe why the land fhould not be fold for payment of the *principal and intereft* due on the mortgage: When judgment is obtained, the *levari facias* is to levy *the principal and intereft money only.* There is no penalty, no judgment for a penalty, and we might as well refufe to ftay proceedings in a fuit on *a fingle bill,* till a fubfequent debt was difcharged, as in this cafe of a mortgage. Upon the execution in both cafes, no more can be levied than the principal and intereft.

Rule made abfolute.

## BROWN *verfus* SCOTT *et al.*

RULE to fhew caufe why the report of referrees fhould not be fet afide. The facts were thefe:—Four actions had been brought upon four promifory notes, and the parties, being willing to refer them, by a written agreement entered a fifth action on the docket, in order to take in another note, which had become due fince the return of the preceeding writs; and accordingly the whole were referred to perfons nominated by the Court, a rule for that purpofe being taken out in each action. The parties were heard before the referrees, and the report agreed upon, when a difficulty occurred, how to apportion the fum that was found due, or in what manner to make the report, if it was not apportioned. The referrees, therefore, applied to a gentleman of the law, who advifed them to connect the five rules, and make one general report, for the whole fum. Conformably to this advice, the following report was made. " We the referrees appointed in the annexed five rules of " Court to hear and determine the matters in variance between, " plaintiff and defendants in the five feveral actions commenced by " the former againft the latter, do adjudge that the defendants are " indebted to the plaintiff £1301, 3, 11, and that the fame ought " to be paid accordingly." All the referrees figned the report, and two of them attended in Court, and gave teftimony, that both parties were fully and patiently heard, and no objections were made, on either fide, to the mode of proceeding. Nor was there any fuggeftion in the courfe of the argument, that the referrees had acted with partiality, injuftice, &c.

The motion was fupported by *Ingerfol, Coulthurft* and *Heatly*, f r the defendants, and they contended, that the report was neither certain, mutual, nor final.

1ft. For that the report fays £1301, 3, 11, is to be paid " accordingly"—accordingly to what? the mode of payment was a great part of the difpute; and this was left *uncertain.*

T

1785.    2d. For that the report contains no directions that thefe notes fhould be delivered up; and as defendant cannot apply to a Court of Chancery, as he might in *England*, for an injunction, they may ftill be circulated, and in the hands of a *bona fide* indorfee, fo that the defendant may be compelled to pay the money over again; confequently the report is neither *mutual*, nor *final*, *Cro. J.* 315. *Cro. C.* 112. 1 *B. M.* 304. 2 *B. M.* 1224. *Doug.* 362. 5. *Bac.* 289. 313.

3d. The reports of referrees under the act of Affembly are acknowledged to be different from awards at common law; but in fact there is little difference between them and verdicts. If, therefore, thefe actions had been tried by a jury, and a verdict given fimilar to this report, no judgment could be given on it. *Co. Litt.* 227. *Hob.* 49. *Stra.* 1024. For on what action can the Court award execution, or how can they apportion the fums?

*Wilfon, Sergeant* and *Sitgreaves*, for the plaintiff, were defired by the Court to confine themfelves to the *laft* objection, as the *firft* was not fupported by teftimony; and with refpect to the *fecond*, it would overfet too many reports, were the objections of want of mutuality and not being final, upon fuch grounds, to defeat the report.

Taking up, therefore, the third objection, they argued that the referrees not being charged with partiality or mifconduct, the objections to the form of the report, muft find a cold reception with the Court. If judgment cannot be entered upon the record as it ftands, the Court may interrogate the referrees and divide the fum; or they may allow the plaintiff to fue out execution in one action, and releafe the others, or by their own authority, the Court may interpofe, and confolidate the actions. 1 *Stra.* 420. But, in fact, it was contended, that the actions were already confolidated by the confent of the parties in the filed agreement; which is furely as much a part of the record, as a verdict, or a report; and by the fubmiffion of all matters in variance, the caufe of action in each of the actions, is fubmitted in every one of them. *Hob.* 54. 12 *M.* 234. *Stra.* 514. 3. *Bac. Abr.* 288.

*Ingerfol* in reply. Awards at common law differ fo widely from reports under our act of Affembly, that fcarce any authority upon the fubject of the firft, is applicable to the fecond. In the firft cafe, terms may be impofed before the Court will grant attachments; but here the report is equivalent to a verdict, and the fole point now, is, whether, if it were truly a verdict, judgment could be entered upon it. It was not difcovered 'till late in the argument that the parties themfelves had confolidated the actions; but upon the examination of the agreement nothing will appear that fhews that intention, or produces that effect. It enumerates all the four actions, fays that rules (in the plural) fhall be entered in *thefe feveral actions*; and then there is a fifth action entered in this very agreement, which it is fubfequently and feparately agreed to refer. At leaft, therefore, this laft action is not confolidated.

To

To difcontinue, or releafe four, and fign judgment upon the fifth, would be impoffible, becaufe the report exprefsly comprifes more than the fifth action was brought for. And to call upon the referrees, and by their affiftance divide the fum, would be an illegal ftretch of power, which was not to be apprehended from the court. Nor, as to the point of confolidation, has the court authority to do more than grant imparlances in fome of the actions, to induce the party to confent that the trial of one fhall decide the reft, which would be no relief in the prefent cafe.

On the 15th of *November* the PRESIDENT delivered the opinion of the Court as follows:

SHIPPEN, PRESIDENT. The juftice and fairnefs of the tranfaction, on the part of the plaintiff, is fo obvious; and the confent of the parties to confolidate the actions, is fo naturally implied from the whole of the proceedings, that my brethren * think the report ought to be confirmed.

For myfelf, I doubt the legality of it, becaufe I do not fee how it is poffible to enter judgment upon the report fo as to avoid error. The confolidation of actions is intended to fave expence, and might have been ordered by the Court on motion; but this agreement of the parties does not appear to me to amount to a confolidation, there being five feveral rules of referrence in the five feveral actions; and though, indeed, the referrees have undertaken to confolidate them, I much doubt their authority fo to do. Inftead of finding a grofs fum due on all the notes, they might have found what was due on each note, and have reported the feveral fums on the feparate rules of referrence. However as my brethren think the report ought to ftand, let it be confirmed, and the plaintiff may make up the record as he thinks fafeft.

Report confirmed.

## MORRIS *verfus* TARIN.

A Cafe was made in this caufe for the opinion of the Court, ftating, that the defendant bought a bill of exchange drawn by *Benjamin Harrifon & Co.* upon a houfe in *France*, which was prefented to the drawee in *February* 1784, and protefted for *non acceptance.* Before it was prefented, however, the drawee had become infolvent, and an arrêt was iffued by the *French* government, prohibiting the inftitution of fuits againft him for a certain time. When the bill became due (the arrêt ftill continuing in force) it was again prefented, and, on the 5th of *June* 1784, protefted for *non payment.* Without any knowledge of the fecond proteft, and without any fuit or compulfion of law, the plaintiff, who was one of the partners of the company that drew the bill, repaid the defendant the principal, intereft, and charges, *with* 20 *per cent damages*: But, afterwards, conceiving that he had paid the 20 per cent damages in his own wrong, he brought this action to recover back the amount.

T 2

*Sergeant*

* *Fleefon* and *William Rufs,* Juftices.