The rule made abfolute.

## HART et al. *verfus* JAMES. 2 Actions.

THESE actions were brought upon three promiffory notes, two of which (included in one declaration) had been indorfed to the Bank; and the third was in the poffeffion of Meffrs. *Hartſhorne* and *Large,* as a collateral fecurity from the Plaintiffs, for the payment of a debt amounting to nearly the fum mentioned in the note. In both actions judgments had been entered generally, on the 28th of *April,* 1788, with an agreement in each, that the *quantum* fhould be afcertained by a reference, and a report made to *next term.* The referees, however, were not appointed untill the 8th of *July,* 1788, fix days after the commencement of the term, and they made no report untill the 5th of *Auguft* following; when *one* report was made in favor of the Plaintiffs, for *one* fum, including what was due in both actions. On the 8th of *Auguft* the Plaintiffs applied for writs of execution; but, upon the *Prothonotary's* expreffing a doubt as to the manner of iffuing them, on account of this confolidation of the fums in the report, the Plaintiffs prevailed on the referees feparately, and without the confent or knowledge of the Defendant, to fign the following explanatory certificate:—" For the better explanation " of our report in the actions of *John Hart* and *Chamlefs Hart* againſt " *Benjamin James,* we find due to the Plaintiffs in the firft action the " fum of £ 325. 19. 5. and, in the fecond, the fum of " £ 668. 2. 9."—This certificate was filed on the 15th of *Auguft,* when writs of *fieri facias* were taken out, without giving notice of the report to the Defendant; who, however, accidentally heard of it, and on the 18th of *Auguft,* after the executions were iffued, he filed the following exceptions:                                             1. That

1. That *one* report is made in *two* actions, *severally* referred.

2. That the Referees filed a supplementary report without the knowledge of the Defendant, at the instance of the Plaintiffs.

3. That the first report is *on condition*, and therefore the Referees have mistaken a plain point of law; the second report being made after their authority had expired.

4. That the promissory notes for which the actions were brought, are not in the Plaintiffs hands, but assigned for a valuable consideration, and, therefore, there is no legal cause of action.

The exceptions being opposed by *Fisher* for the Plaintiffs, and supported by *Ingersoll* and *Dallas* for the Defendant, THE COURT seemed clearly of opinion, that the *first* report could not be maintained ; that the supplementary report was irregular ; and that the rule of reference to report to *next term*, did not authorise the issuing executions upon the report into office during the vacation (particularly without notice to the Defendant) although a term had intervened between the entering of the rule, and the appointment of the Referees.

No opinion was given on the other points, but the execution and report were, for the above reasons, set aside, and the actions, by consent, referred *de novo*.


## STARRETT's Case.

*HENRY STARRET*, while attending the Court as a suitor, was taken by a *Ca. Sa.* and *Chambers* moved that he might be discharged from the arrest, citing 4 *Bac.* 421. 3 *Bl. C.* 289. 2 *Stra.* 1094. 1 *Barn.* 17.

*Yeates* and *C. Smith* opposed the motion, and contended, that there was a distinction between an arrest on *mesne*, and on *judicial*, process ; for, though, in the former case, the Court would discharge a suitor, witness, &c. from an arrest made during an attendance upon them, yet, in the latter, they would not, because the party would afterwards be remediless. *Wood's Inst.* 503. 600. 4 *Com. Dig.* 475. 11 *Mod.* 234. 252. There is, likewise, another reason : the *Capias* on *mesne* process might be taken out merely on a suggestion ; but in *judicial* process, the debt is certain, and fixed by the judgment of the Court.

*Chambers* and *Hartley*, in reply. The protection of suitors &c. is established to promote an equal administration of justice, and to prevent the oppression of a rich and powerful man, over a poor one who is soliciting justice. There is no express authority that extends the doctrine to this case ; but in 4 *Cum.* 575. *tit. Priv.* it is laid down, that an execution shall not be discharged, yet, if the party who procured it, will not consent to a discharge, he shall himself be committed. The books cited in *Comyns, Crompton*, and *Wood's Inst.* are of little authority.

M'KEAN