Ewing, C. J.
The record returned with-the writ of error in this-case exhibits a singular assemblage of incongruous materials.
---- “ rudis indigestaque moles,
Wee quicquam nisi pondus iners, congestaque eodem,
Won bene junctarum discordia semina rerum.”
It sets out with three distinct actions of different natures, which are brought at last to a supposed harmonious union. It contains, in the first place, a placita of August term, 1825; then a placita of August term, 1823 ; a warrant of attorney from Elizabeth Craig in a plea of debt; a warrant of attorney from William Craig in a similar action; a declaration by Elizabeth Craig against William Craig, in debt of two counts on a sealed bill and for interest; then a placita of May term, 1824; a warrant of attorney from Elizabeth Craig in trover, and a warrant of attorney from William *201] *0raig in a like action; then another placita of May term, 1824, and warrants of attorney from the same persons in a plea of trespass on the case. Then follow an entry of the appearance of the parties on the first Tuesday of February, 1825, and a rule of reference of “ all matters in difference between the parties in these causes respectively;” then a continuance, the first that appears on the records, to the first Tuesday of May, on which day a report is returned by the referees, entitled “ Elizabeth Craig v. William Craig. In debt, in case and in trover.” Continuances are entered to August term, 1825, and then judgment, but whether in debt, in case, or in trover, whether for debt or damages, does not appear; that Elizabeth Craig do recover the sum of $287 mentioned in the report, and also her ■ costs and charges, the amount of which remains in blank.
Wo one accustomed to appreciate and admire the regularity and connection and simplicity of a common law record, can see this return without surprise and repugnance.
From the return and an answer to a rule -made on a suggestion of diminution, it appears that three distinct actions *253 were commenced* by Elizabeth Craig against William Craig ; that a declaration was filed in one of thorn, but not in the others; that a reference of these actions was ordered to the same referees, who made, not a separate report in each action, but a joint report, on which the above mentioned judgment was -entered. On the part of the plaintiff in error, it is insisted that the making of a joint report is erroneous ; that besides the injury done by the referees on the merits of the controversy, of which he can make no complaint here, injustice is done by the joinder, inasmuch as he is thereby compelled to pay tho costs of all the actions, whereas the sum found could not have been so divided, if there had been separate reports, as to have made him pay the costs of all, and perhaps in one or more he might have recovered costs. On the part of the defendant it is insisted there is no error ; that the rule of reference was a joint rule, the three causes were jointly referred ; that the rule was so ordered by tho court by consent of the parties; and that such consent authorized the court to make a joint rule and takes away all error.
Upon inspection of the record however it does not appear there was a joint rule or a joint reference. The entry on tho ^record is somewhat peculiar, being distinguished [*202 by marks of quotation, designed to show it was copied from some other entry; and doubtless > it was taken from the minutes, where a hasty and loose mode, as is well known, prevails, when divers rules of the same nature have in' different causes been made, to enter at length one rule either under or over the titles of all the causes, and thus save time and labor, reddendo singula singulis, but without intention or expectation that a joint rulo is thereby produced. Nor is there anything in the language of the entry inconsistent with the idea of separate rules, or indicative of a joint rule, or that such was the design of the parties. “It is ordered by the court and by the consent of the parties in these causes, that all matters in difference in these causes *254 between the parties respectively be submitted,” &c. Unless distinct rules were intended, the word " respectively” seems to be without meaning or office. It was said the entry speaks of a report and a judgment; but such is precisely the appropriate language which would have been used by a person who believed he was making an entry which though common to all the causes was intended to operate as a distinct rule in each.
But whatever inference of intention may be drawn from the terms of the entry, a joint rule in three distinct actions was wholly illegal and impracticable. Neither the power of the court, nor the consent of the parties could make it. The very nature of the thing forbids. Every rule must be made and entered in its peculiar cause, and there was here no joint cause. Parties may agree and refer several causes to the same persons. Where the subjects of different causes are susceptible of union or consolidation, the causes may be first united and a single rule of reference of all the matters be then made. There is reason to doubt whether under the phraseology of our statute concerning references, Lev. Laws, 159, sections 3 and 4, when a cause depending in court is referred by rule, and a judgment is to be entered on the report, anything more can be submitted than the matters in difference in that cause. But if this be not so, it is clear that where distinct actions are depending, of all which a reference is intended, there must be separate rules and 'separate reports; or they must be first united and then referred; or in one of them a rule of reference must be entered, with a submission of all matters in dispute between the parties.
In my opinion, the joint report made in the present case *203] is not *sustainable by the rule which was entered, nor by sound legal principles; that the judgment is therefore erroneous and. should be reversed.
To this conclusion I am brought with some reluctance, because it is highly probable real justice may have been *255 done between the parties by the report. That, however, is an enquiry into which we are not at liberty to enter. And it is certain that safety and security are only to be attained by a strict and careful adherence to prescribed rules and forms, although they may operate hardly in some instances. Upon the argument at the bar considerable reliance was placed by the counsel of the defendant in error, on the case of Brown v. Scott, 1 Dall. 145, in which a general or joint report, five several actions having been referred, was sustained in the Court of Common Pleas of Philadelphia county, against the opinion of Shippen, President, who said he did not see how it was possible to enter judgment upon the report so as to avoid error. Without adverting to the difference of the practice between the two states which renders a decision of this nature of so little weight here, however respectfully we are disposed to listen to their legal reasonings and adjudications on general topics, the real value of this case in the courts of that state may be learned from the case of Hart v. James, in the Supreme Court, 1 Dall. 355, where a contrary principle prevailed; and from the case of Groff v. Musser, 3 Serg. and Rawle 262, in which the principle of Hart v. James was sanctioned and pursued; and Chief Justice Tilghman said of the case of Brown v. Scott, “ The President thought that the arbitrators had no right to consolidate, and although he was overruled by his associates (who were not lawyers), yet 1 have always understood that his opinion has been held for law.” Let the judgment be reversed.
Ford, J.
Elizabeth Craig instituted three several actions against William Craig in the Court of Common Pleas for the county of Hunterdon ; one in debt, wherein she declared on a bond ; one in case, and one in trover and conversion ; but she had not declared in any but the first when she obtained and entered a rule, by consent of parties, for a reference to the following effect: “ That all matters in *256 difference in these causes between the parties respectively, be submitted to three persons named as referees, whose report shall be final and conclusive between the said parties, *204] *made a judgment of the court, and execution issue thereon if need be.” The report is a single one, and it states the three suits thus, “ Elizabeth Craig v. William Craig. In debt, in case, in trover and conversion.” It then certifies that the referees had considered all the matters in difference in the said suits which had been brought before them; and that William Oraig do pay to Elizabeth Oraig $287 in full satisfaction of all matters so submitted to their consideration. The final judgment runs as follows, “ It is considered that the said Elizabeth Oraig do recover against the said William Oraig the said sum of $287, mentioned in the said report,” and also so much, “ for her costs and charges in her said suits.”
It is to be observed that this is not an award which imposes some duty on each of the parties, mutually to be performed, and that can be enforced on a delinquent; party only by means of an attachment, or action on the bond or award; it is a strict reference where the report-is to be enforced by a judgment and execution that are to be binding upon goods and lands. How this judgment is erroneous on account of its variance from all known and instituted precedents; such an entry is not to be found in any book or any established forms in our courts of justice. It does not set forth, as records universally do, and of necessity must do, the cause why judgment for $287 is awarded against the defendant. It ought to specify that it is for debt on a contract,' or damages for non-performance of certain promises and assumptions, or for a tort in the conversion of property ; and a departure herefrom would overthrow the law as it now exists, and introduce a new law unknown before. But an examination into this record for the cause of the judgment leads us only from one degree of darkness to another ; the judgment does not tell what it is entered for, *257 but only that it is founded on a report; the report refers to undefined matters that were brought before the referees in three suits; and the examination becomes confounded among those three suits by their being for three totally different matters. It is no wonder that the clerk in entering the judgment could not specify what the money was adjudged for, nor that he omitted that essential part altogether, and passed over it in silence. Nobody can say from this record what the money was adjudged for, and, therefore, it must be taken to be for nothing. Presumption, if left to itself, can never supply a cause of action. The cause of recovery does not appear of record, *and could never be set up in bar to another [*205 action. To amend the form of' the judgment upon the matters contained in the record, if leave could be granted for that purpose, would be a vain endeavor, for if amended to be for debt it would not conform to the action for tort; or amended to tort it would not conform to the action for debt. The reason which renders it so totally incapable of amendment is, that debt and tort cannot possibly be united in one judgment; they require different actions and different judgments, and by no consent of parties or power of the court can they be consolidated into one. It appears to me that this confusion has resulted from the act of the referees in making only one report, which they ought to have avoided by making one in each of the suits, on account of the impossibility of comprising all three in one, and from the word “ respectively,” in the rule, which may well mean separately. In that case one of the judgments certainly, and possibly two of them, might have been for less than one hundred dollars each, and have carried no costs; whereas by condensing them, together they make the defendant pay full costs, very unlawfully, in each of the three suits.
Reverse the judgment.
Drake, J. concurred.