## Fretz *against* Heller.

The sheriff is bound on the delivery of a writ of *venditioni exponas*, to sell the whole interest of the debtor in the land, without stipulation or restriction, and can reserve nothing for him in the land, or in the price of it.

Money levied by the sheriff upon a *fieri facias*, and either actually or potentially in his hands, cannot be attached.

If the debtor's land is charged with a sum of money to raise an interest for the widow during her life, and after her death to be divided among several, of whom the debtor is one, the sheriff, on a sale of the land under an execution against the debtor, should not reserve his interest in the money payable on the death of the widow: if he does, the judgment creditor cannot attach it in the hands of the purchaser as garnishee.

ERROR to the Common Pleas of *Bucks* county.

This was a *scire facias* brought by Isaac Fretz, Jr., and Catharine his wife, late Catharine Stover, in right of said Catharine, against Andrew Heller, Enos Fretz, and Bernard Hillpot, as garnishees of Abraham F. Stover and terre-tenants.

Ralph Stover deceased devised certain real estate to his son Abraham F. Stover, directing that when his son William became of age his wife should receive, in lieu of the incomes of the farm aforesaid, the sum of £48, to be paid her yearly and every year, one half thereof out of the profits of the farm bequeathed to his son William, and the other half out of the profits of the land bequeathed to his son Abraham. He then gave and devised to his son Abraham, the said real estate at the valuation of $4847, to be paid by him for the use and benefit of his estate, as follows, viz.: $1066.67, part thereof, at the expiration of one year after his decease, and the remainder at nine equal annual payments from that time without interest, retaining out of each of said payments a sum sufficient to raise an interest of £24 annually, therein before bequeathed to his wife when his son William should become of age; which interest he was to pay to her annually from that time, and at her decease or marriage to pay the principal for the use of his estate, to have and to hold the same to him, his heirs and assigns for ever, he complying with the payments aforesaid. And he further directed that the proceeds of the sale of his personal estate, together with the money arising from the payments for his lands devised to his sons Abraham and William, should be equally divided among his five children, viz.: Abraham, Mary, Elizabeth, Ann, and William.

The widow of Ralph Stover died about the middle of April, 1838, and all the children of Ralph Stover were living at her death.

[Fretz v. Heller.]

The plaintiffs gave some parol evidence of declarations by Heller respecting his liability.

At April Term 1834, the plaintiffs obtained a judgment against Abraham F. Stover, for the sum of $5449.22, and the real estate of the said Stover was sold by virtue of a *venditioni exponas* on the 21st of November 1834, to Andrew Heller, one of the above garnishees, agreeably to the following conditions of sale and acknowledgment of the purchase by him:

" The purchase money, over and above the widow's dower, to be paid on or before the first day of next court (December 8th 1834); the principal of the widow's dower is $1066.66, the interest of which is to be paid unto Catharine Stover, widow of Ralph Stover deceased, and at the death of the widow, the principal, to wit, $1066.66, to be paid unto the legatees, as directed in the last will and testament of said Ralph Stover deceased."

" I acknowledge the plantation of 150½ acres more or less, and the lot of 13 acres 80 perches, more or less, as advertised, containing together 164 acres, more or less, fairly struck off to me at the sum of $24.25 per acre, amounting to the sum of $3977, agreeably to the above conditions, I being the highest bidder, and that the highest and best price bidden for the same. Dated November 21st 1834.          (Signed)          ANDREW HELLER."

The sheriff made report that he had sold the said property to Andrew Heller for the sum of $3977, agreeably to the aforesaid conditions of sale, to wit, $1066.66, the widow's dower, to remain in the hands of the purchaser till the widow's decease. By agreement of counsel, issue was joined between the plaintiff and Andrew Heller, one of the garnishees.

The defendants offered no evidence.

The plaintiffs requested the court to charge the jury that, from the law and the evidence the plaintiffs were entitled to recover the said one-fifth of $1066.66.

The court charged that upon the evidence the plaintiffs could not recover, and that the verdict must be for the defendants. The plaintiffs excepted to this opinion.

Error assigned:

The court erred in charging the jury that, upon the evidence given the plaintiffs could not recover, and that the verdict must be for the defendants.

*Dubois,* for plaintiff in error. The question is, whether Abraham F. Stover's one-fifth was merged in the land, and extinguished by the sheriff's sale. The case of *Reigle* v. *Seiger,* (2 *Penn. Rep.* 340), was relied on, where it was held that the sheriff is bound to sell the debtor's whole interest in the land, and can lawfully reserve nothing for him in the land or the price of it, and that any contract to do this in prejudice of the lien creditors would be illegal, and no action could be sustained; but that case is distinguish-

[Fretz v. Heller.]

able from the present: there the land was sold subject to the dower, here it is for a specific sum of money, and the rest of the money is left in the hands of the purchaser to raise an interest, and pay over on the widow's death for the use of the estate, and then to be divided among the children. It would be unjust not to permit the plaintiff to recover, for the judgment creditor did not receive on the sale, by $200, what he was entitled to on the construction contended for. The case of *Pidcock* v. *Bye,* (3 *Rawle* 183), decides that such a lien may be created by contract.

*Chapman, contra.* The law forbids the sheriff, in making such a contract as this, to leave a right in the land outstanding in the debtor; it requires the sheriff to sell the whole interest of the debtor for the benefit of his creditors in general. The case of *Reigle* v. *Seiger,* is conclusive. If the creditor is entitled, he must look to the sheriff. In the case of *Pidcock* v. *Bye,* there was no sheriff's sale.

*Dubois,* in reply. The record shows there were no other creditors. If we sued the sheriff, we might be defeated. The money is not, by the conditions of sale, to be paid to the sheriff, nor to be distributed by him.

The opinion of the Court was delivered by

ROGERS, J. — After the delivery of the writ of *venditioni exponas* to the sheriff, it is his duty to sell the property, at all events, for the best price that can be got for it. And in the strict performance of this duty, the whole interest of the debtor should be sold; and hence it is ruled in *Reigle* v. *Seiger* (2 *Penn. Rep.* 340), that a sheriff is bound to sell the debtor's whole interest in the land, and can lawfully reserve nothing for him, either in the land or the price of it. Where land which has been taken by a son, at a valuation, in the Orphans' Court, is sold at sheriff's sale subject to the payment of the whole third of the valuation at the widow's death, he can never recover any portion of the third. *Pidcock* v. *Bye,* (3 *Rawle* 183), does not touch this question, as that is the case of a private, not a judicial sale. The necessary implication of law, in the case supposed, is, that the whole interest of the debtor has been sold; but, by the conditions of sale here, the interest of the widow's dower was to be paid to her, and, after her death, the principal, viz. $1066.66 was to be paid to the legatees of Ralph Stover, under whom the debtor held the estate. The defendant, Heller, who was the purchaser, signed the conditions after the property was struck off by the sheriff, and by this he agrees to pay that amount at the death of the widow, in addition to the sum which he is bound to pay immediately after the sale. It must be taken as part of the purchase money, or price of the land, and amounts, in fact, to an express engagement to pay that

[Fretz v. Heller.]

amount; and this differs it from *Reigle* v. *Seiger*, before cited. Every principle of justice requires that the defendant should be compelled to pay the amount of his bid; and this appears to be conceded by his counsel; but a difficulty is made as to the proper mode of enforcing the claim. This is a proceeding by attachment, under the thirty-fifth section of the Act of the 16th June 1836, and is founded on the presumption that the debt attached is a debt of Andrew Heller to Abraham Stover, the plaintiff's debtor. By the sheriff's sale, inasmuch as this was a component part of the purchase money, the money was a substitute for the land sold, and of course, as such, it must regularly go into the hands of the sheriff, to be applied to the payment of the judgments, which were liens on the land, according to their priority. Whether this was the only judgment, we have not been informed; but, admitting that it was, yet it is not such debt as may be attached, under the Act; for money levied in execution by the sheriff upon a *fieri facias*, and in his hands, cannot be attached. See *Sergeant on Attachment* 84, and the authorities there cited. Although the money is not entirely in the hands of the sheriff, yet it is potentially so, which is the same thing. It may be recovered by the sheriff. It is his duty to collect it and to apply it to the payment of the judgments. *Ross* v. *Clarke* (1 *Dall.* 355). The case of *Reigle* v. *Seiger* is full to the point, that no suit can be sustained in the name of the debtor. The price must go into the hands of the sheriff for the benefit of the lien creditors, and if any thing remains it should be paid to the debtor. It is a matter of the first importance that money which is in course for legal distribution, should not be intercepted by the claim of third persons to the fund, as in that case there would be no end to suits. We cannot omit remarking that the proper course is for the sheriff to sell the interest of the debtor without stipulation or restriction. A different practice leads to uncertainty in the title, and, of course, is prejudicial to the rights of creditors, and the debtor himself.

Judgment affirmed.