# Supreme Court of Pennsylvania.

## EASTERN DISTRICT.

## BAUR & MILLER *v*. WILLIAMS.

A levy upon personal property of the debtor is not such a satisfaction of the debt as will prevent the attachment of the debt at the suit of a third party—a creditor of the plaintiff in the execution.

Error to the mayor's court of the city of Scranton.

Opinion delivered May 17, 1873, by

MERCUR, J. Baur & Miller, for the use of Miller, obtained a judgment against Williams. Miller assigned it to Shoemaker, who issued execution thereon. After levy upon personal property, but before sale, Bailie commenced a suit by attachment, under the act of March 17, 1869, against Baur & Miller, and served Williams as garnishee. The same day a rule was granted to show cause why the execution issued on the judgment should not be stayed until the attachment suit was determined. Upon the hearing, Shoemaker claimed the money; but the defendant answered that the plaintiff in the attachment alleged the assignment to him to be fraudulent. The court refused to make the rule absolute, but ordered the marshal to proceed and collect, and to pay the money into court; and that distribution should await the final determination of the attachment suit, and directed the clerk to deposit the money in bank, subject to the further order of the court. Shoemaker assigned this for error.

It is argued, that a levy upon personal property of the value of the debt, is a satisfaction thereof, and therefore no debt was due from Williams, to be attached.

The doctrine, however, that a seizure of goods in execution, to the value of the debt, whether they be sold or not, works a discharge of all responsibility on the part of the debtor, is subject to several exceptions. In Porter *v*. Boone, 1 W. & S. 252, it was held, that if the property be released by the plaintiff, at the instance and request of the defendant, it did not amount to a satisfaction of the judgment. In Cummins' Appeal, 9 W. & S. 73, the goods were suffered to remain after levy in the possession of the defendant in the execution, by whom they were used and disposed of. It was held to be no satisfaction of the judgment even as against a subsequent lien creditor of the defendant. This was affirmed in Davids *v*. Harris, 9 Barr 501, and in Cathcart's Appeal, 1 Har. 416.

It is true in Fretz *v*. Heller, 2 W. & S. 397, it was said that money levied by a sheriff upon a fieri facias, and either actually or potentially in his hands, cannot be attached. In that case, however, the attachment issued after the sheriff's sale, and sought to reach a portion of the money which the purchaser had agreed to pay. The attachment was not against

the defendant in the execution, but against the purchaser at the sheriff's sale. The court then correctly held, that they would not suffer the distribution to be interfered with.

A levy is not necessarily, as between the debtor and creditor, a satisfaction of the debt. Up to the time of the sale, there is still a debt due from the defendant in the execution to the plaintiff. Being due and unpaid, it is liable to an attachment at the suit of the plaintiffs' creditors. Winternitz's Appeal, 4 Wright 490.

It was a just exercise of the equitable powers of the court, to require the money to be collected, and to be held for future distribution. The defendant in the execution is thereby protected from expensive litigation. The rights of the respective claimants to the fund can be determined by the trial of an issue framed for that purpose. We see no error in the decision of the court. Judgment affirmed.

*J. M. C. Ranck*, Esq., for plaintiff.