103  17
s116  697

ADOLPH LUSTFIELD v. THOMAS BALL ET AL.

*Execution — Satisfaction of judgment — Stay bond — Liability of surety.*

1. A levy on personal property sufficient to satisfy the execution will not operate as a satisfaction of the judgment where the property is left in charge of the execution debtor, and by some act for which he is responsible, or in which he acquiesces, it is placed beyond the power of the officer, or when the debtor converts it to his own use, or where he has not been actually divested of the property.

2. Six days after the rendition by a justice of the peace of a judgment in favor of the plaintiff for a sum exceeding $50, exclusive of costs, the defendant's attorney filed with the justice a paper, properly entitled in the suit, and signed and sealed by a third person, by which, after reciting the rendition of the judgment and its amount, he acknowledged himself surety for the stay of execution on said judgment, and for the payment by the defendant to the plaintiff of the damages, with interest and costs, at or before the expiration of 6 months from the commencement of the suit, and agreed to pay the same to the plaintiff at or before the expiration of said 6 months. And it is held that the stay was good under How. Stat. § 6963, which provides that the party against whom a justice's judgment shall be recovered may stay the execution thereon until the expiration of the time prescribed in the statute by giving to the party in whose favor judgment was obtained, and filing with the justice, within 5 days after the justice shall be authorized to issue execution thereon, security in writing, with one or more sufficient sureties, satisfactory to the judgment creditor or the justice, for the payment of the money, with interest and costs, at or before the expiration of 4 months from the commencement of the suit, if such money shall not exceed $50, exclusive of costs, and at or before the expiration of 6 months, if such money exceeds $50, exclusive of costs.

Appeal from Iron.   (Stone, J.)   Argued October 2, 1894.
Decided December 18, 1894.

103 MICH.—2.

Bill to declare a stay of execution null and void, etc. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Julius J. Patek* (*B. M. Thompson*, of counsel), for complainant.

*Moriarty & Abbott*, for defendants.

McGRATH, C. J. On March 21, 1893, Edward Sweeney recovered judgment in justice's court against the Deer River Lumber Company. On March 27, 1893, defendant's attorney filed with the justice the following paper:

| | |
|---|---|
| "EDWARD SWEENEY,<br>Complainant,<br>*vs.*<br>"DEER RIVER LUMBER CO.,<br>Defendant. | Before John Morrison, one of the Justices of the Peace in and for the County of Iron. |

"*County of Iron—ss.*

"*Whereas*, judgment was rendered in the above-entitled cause on the 21st day of March, 1893, by the above-named John Morrison, one of the justices of the peace in and for said county, in favor of Edward Sweeney, the above-named plaintiff, against the Deer River Lumber Company, the above-named defendant, in the sum of $188.71 damages, and $5 cost of suit:

"Therefore I do acknowledge myself surety for the stay of execution on said judgment, and for the payment by said defendant to the plaintiff of said damages, with interest and said costs, at or before the expiration of 6 months from the commencement of said suit, and do agree to pay the same to said plaintiff at or before the expiration of the time aforesaid.

"Witness my hand and seal this 27th day of March, A. D. 1893.

"ADOLPH LUSTFIELD. [L. S.]

"Signed, sealed, acknowledged, and delivered in the presence of

"JOHN MORRISON,
"*Justice of the Peace.*

"I approve of Adolph Lustfield as surety for the stay of execution aforesaid.

"JOHN MORRISON,
"*Justice of the Peace.*

"STATE OF MICHIGAN, } ss.
"COUNTY OF IRON.

"*Adolph Lustfield*, the surety to the foregoing stay of execution, being duly sworn, says that he is worth the sum of $500 in property liable to execution, over and above all liabilities and exemptions.

"ADOLPH LUSTFIELD.

"Subscribed and sworn to before me this 27th day of March, A. D. 1893.

"ALBERT FLEWELLING,
"*Notary Public, Iron County, Michigan.*"

At the expiration of the time, execution was issued, and a levy was made upon certain goods in Lustfield's store. The goods were selected, set apart, placed in boxes, and Charles Lustfield, a brother of complainant here, who was the clerk in charge of the store, gave a receipt for the goods, as follows:

"Received September 9, 1893, of the said sheriff, Thomas Ball, the goods and chattels above mentioned, which I promise to deliver to him at the store of Adolph Lustfield, in the village of Crystal Falls, in the county of Iron, on the 18th day of September, 1893, before 10 o'clock in the forenoon; or, in default thereof, I do hereby agree with the said Thomas Ball, the said sheriff, to pay him the amount due upon the said execution, and costs and interest.

"Dated September 11, 1893. CHARLES LUSTFIELD."

When the sheriff returned for the goods, he was unable to find them. Charles Lustfield stated to the sheriff that "the store had been robbed; they were taken; they were not there, anyhow." The sheriff asked if there were any locks broken, or bolts, or doors, or anything of that kind, that he knew of, and Lustfield said he guessed not. Com-

plainant claims to have been away from the store when
the levy was made, and to know nothing about the where-
abouts of the goods; that when he came home he was told of
the levy, and asked what became of the goods,—where the
goods were,—and his brother said, " 'That is all right.'
I didn't pay any more attention to it. He says, 'I gave
them a bond.' "

It is urged that the undertaking of the surety is not in
accordance with the statute, under the rule laid down in
*Cox v. Crippen*, 13 Mich. 502, and this bill is filed, alleg-
ing that the sheriff threatens to make another levy, and
praying that the paper purporting to be a stay of execu-
tion be declared to be null and void as against complain-
ant, and that it be delivered up, canceled, and destroyed;
that the sheriff be restrained from levying said execution
upon the moneys or effects of complainant; that the
justice be restrained from issuing any further execution
upon such judgment against complainant, and from mak-
ing any transcript of said stay of execution, and that
plaintiff in said judgment be restrained from taking out a
transcript to the circuit court.

We think that the stay is good under How. Stat. §
6963.

As to the other question, the goods seized on the execu-
tion were left in complainant's store in possession of com-
plainant's brother, who was complainant's clerk, and the
record does not satisfactorily show that complainant was
divested of the goods. A levy under an execution on
personal property sufficient to satisfy such execution is
ordinarily regarded as a satisfaction of the judgment, but
it does not so operate when the property is left in charge
of the execution debtor, and by some act for which he is
responsible, or in which he acquiesces, it is placed beyond
the power of the officer, or when the debtor converts
it to his own use, or where he has not been actually

divested of the property.  2 Freem. Ex'ns, §§ 261, 269; *Starr v. Moore,* 3 McLean, 354; *U. S. v. Dashiel,* 3 Wall. 688; *People v. Hopson,* 1 Denio, 574; *Bank v. Hallett,* 8 Cow. 192; *Mickles v. Haskin,* 11 Wend. 125; *Cummin's Appeal,* 9 Watts & S. 73; *Young v. Cleveland,* 33 Mo. 126; *Cornelius v. Burford,* 28 Tex. 203; *Wade v. Watt,* 41 Miss. 248; *Cooley v. Harper,* 4 Ind. 454; *Smith v. Hughes,* 24 Ill. 270.

The decree dismissing the bill is affirmed, with costs to defendants.

LONG, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.