SWEENEY v. LUSTFIELD.

1. PLEADING—OBJECTIONS TO DECLARATION—DEMURRER.
   An objection that the declaration, in an action against a
   surety upon an undertaking for a stay of execution on a
   justice's judgment, counts upon a common-law, instead of a
   statutory, obligation, must be taken by demurrer.

2. STAY BOND—RIGHTS OF SURETY—SUBROGATION.
   A surety upon an undertaking given under 2 How. Stat. §
   6963, to stay execution, is not entitled to the protection of
   sections 6977, 6978, relating to the right of a surety to have
   the property of the principal first resorted to to satisfy an
   execution, as section 6953 provides that execution may issue
   against both principal and surety upon such an undertaking,
   with the same effect as if the judgment had been rendered
   against both upon a joint liability, and section 6971 amply
   protects the surety by subrogating him, after satisfaction of
   the judgment, to all the rights which the judgment creditor
   had.

Error to Iron; Stone, J. Submitted April 7, 1898.
Decided May 6, 1898.

*Assumpsit* by Edward Sweeney against Adolph Lust-
field upon a bond to stay execution on a justice's judgment.
From a judgment for plaintiff on verdict directed by the
court, defendant brings error. Affirmed.

*Julius J. Patek* (*Button & Norris* and *R. C. Flan-*
*nigan*, of counsel), for appellant.

*Cook & Pelham*, for appellee.

MONTGOMERY, J. Plaintiff, on the 21st of March, 1893,
recovered a judgment against the Deer River Lumber
Company (composed of Benjamin F. Davenport and Fred
Esau, copartners) for $188.71 and costs. The defendant,
on the 27th of March, 1893, entered into an undertaking,

as surety, for the stay of execution on said judgment, which is set out at length in *Lustfield* v. *Ball*, 103 Mich. 17. The present action is brought on that undertaking. In *Lustfield* v. *Ball, supra*, we held that the undertaking was in compliance with section 6963, 2 How. Stat. It is now contended that the declaration counts on this undertaking as a common-law obligation, and not as a statutory stay. The declaration, however, sets out all the facts leading up to the giving of the undertaking, and sets that instrument out in full. The declaration was not demurred to, and was not subject to this objection on the trial. *Grand Rapids, etc., R. Co.* v. *Southwick*, 30 Mich. 444; *Fuller* v. *City of Jackson*, 82 Mich. 480; *Hayes* v. *City of West Bay City*, 91 Mich. 418.

The only other question raised relates to a ruling on the trial which was made the basis for a motion for a new trial after verdict. The opinion of the learned circuit judge given on this motion states the question and conclusions in accordance with our views, and we adopt it as our own. It is as follows:

"The single question presented by this motion for a new trial is whether or not the circuit judge erred upon the trial in refusing the offer by defendant of proof by witness Benjamin F. Davenport that at the time the execution was issued upon the judgment in the case of Edward Sweeney against the Deer River Lumber Company, and while the same was in the hands of the sheriff, and before a levy thereof was made upon the goods of the defendant in this suit, he, the said Davenport, was possessed of sufficient property, free from incumbrance and subject to execution, from which the entire amount of the said execution could have been made, and that he offered to turn the same out to the sheriff and to said Sweeney, for the purpose of levy and sale on said execution. It is contended by defendant's counsel that this offer of proof by Davenport on behalf of the Deer River Lumber Company discharged and satisfied the execution, in so far as Lustfield was concerned; and he cites and relies upon sections 6977, 6978, 2 How. Stat. Do these sections apply to a case of stay of execution? Section 6953, Id., provides that 'in all cases where security shall have been given for

the stay of execution, as hereinafter provided, if the debt or damages, with interest and costs, shall not be paid within the time limited by law therefor, execution shall be issued by the justice, on application of the judgment creditor, his agent or attorney, against both principal and surety, with the same effect as if the judgment had been rendered against both such principal and surety upon a joint liability, after the return of process personally served,' etc. The statute contains numerous provisions for the benefit and protection of sureties for stay of execution. See sections 6969–6971. This last section subrogates the surety who has satisfied the judgment to all the rights which the judgment creditor had. In other words, it is competent and proper for the person who has become surety for the stay of execution to satisfy the judgment, and then proceed to sue out execution on such judgment, and proceed to collect of defendant. But will any offer or action by the defendant, short of a tender of the amount due, in lawful money of the United States, release the liability of the person who has become surety for the stay of execution? It seems to me not. Under section 6953, the liability of the surety is the same as though judgment had been rendered against both principal and surety on a joint liability, after the return of process personally served. In my judgment, sections 6977 and 6978 do not apply to the person who has become surety for the stay of execution. Such person is amply protected by section 6971."

The judgment is affirmed.

The other Justices concurred.