## *In re* DOWNS.

CRIMINAL LAW — SENTENCE — MAXIMUM TERM — INDETERMINATE SENTENCE LAW.

A person convicted of attempt to commit burglary, and sentenced to imprisonment in the State prison for a period not less than one year, is not entitled to his discharge at the end of the year, on the ground that no maximum term was fixed by the court; since section 11784, 3 Comp. Laws, fixing the punishment for attempts to commit crime, when read in connection with the indeterminate sentence law, fixes the maximum term at not more than three years.

Habeas corpus proceedings by George Downs to obtain his release from imprisonment in the State prison at Jackson. Submitted November 13, 1906. (Calendar No. 21,966.) Petitioner remanded March 12, 1907.

*George Downs*, in pro. per.

*John E. Bird*, Attorney General (*George S. Law*, of counsel), for respondent warden.

BLAIR, J. Upon his conviction, in the recorder's court of the city of Detroit, of the crime of attempt to commit burglary, petitioner, on the 31st day of May, 1905, was sentenced to the Michigan State prison at Jackson "for the period of not less than one year" from and including the said 31st day of May. No maximum term of imprisonment was fixed by the court. The minimum term of one year, fixed by the court, having expired, petitioner now demands his release from further imprisonment, alleging that he was sentenced for a period of one year only, and, that period having expired, the warden has no further authority to detain him. He also contends that the indeterminate sentence law is unconstitutional for various reasons.

Section 11784 of the Compiled Laws of 1897, prescribing the punishment for attempts to commit crime, provides:

" If the offense so attempted to be committed is punishable by imprisonment in the State prison for life or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the State prison not more than three years or in the county jail not more than one year."

Under this provision of the statute, no minimum term being fixed by statute, the court was authorized and required to fix the same and did fix such minimum as a period of not less than one year. It was not necessary that the court should fix the maximum punishment, that being determined by the statute itself. *In re Campbell*, 138 Mich. 597; *In re Duff*, 141 Mich. 623.

The questions raised by the petitioner relative to the constitutionality of the indeterminate sentence laws have recently been passed upon and are covered by the decisions of this court in the case of *In re Manaca*, 146 Mich. 697, and *People* v. *Cook*, ante, 127.

It results that the prisoner is not entitled to his discharge, and he is therefore remanded.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.