# Tannahill v. Gilmore et al.

Charles W. Eaby and Louis Goodfried, for plaintiff.

H. Edgar Sherts, for garnishee.

SCHAEFFER, J., August 1, 1934.—This is a motion to quash a foreign attachment in trespass issued by Jesse W. Tannahill against Daisy K. Lingenfelter, who is clerk of the Court of Quarter Sessions of Lancaster County. The plaintiff seeks to attach a deposit of $300 cash bail by the defendant, Michael J. Gilmore, in a criminal prosecution brought at the instance of Tannahill against Gilmore for assault and battery by automobile. The jury found a verdict of not guilty and divided the costs between the prosecutor and the defendant. Gilmore's share of the costs amounts to $101.10, which must be deducted from the $300 deposited as aforesaid, leaving a balance of $198.90 now in the custody of the clerk of the Court of Quarter Sessions of Lancaster County to be disposed of in this proceeding.

The depositions show conclusively that the deposit of $300 is in the custody of the clerk in an official capacity, being in custodia legis. Daisy K. Lingenfelter, individually, is not indebted to the defendant.

It is undoubtedly the law that money held by a person in an official capacity is not subject to attachment, either domestic or foreign. The reason is set forth in the early case of Bulkley v. Eckert et al., 3 Pa. 368, 369: "Great public inconvenience would ensue, if money could be thus arrested in the hands of officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue, from being stopped in the routine of their business, compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on, and bail to return duly given. If a precedent of this kind were set, there seems no reason why the state or county treasurers, or other fiscal officers of the Commonwealth, or of municipal bodies, may not be subjected to the levying of attachments, which has never been attempted nor supposed to come within the attachment law."

In Fretz v. Heller, 2 W. & S. 397, it was decided that money in a sheriff's hands cannot be attached. In Ross v. Clarke, 1 Dallas 354, it was held that money in a prothonotary's custody cannot be attached. See also 2 Troubat & Haly, Practice (6th ed.), 1640; Sembach v. Ruggeri, 31 Schuyl. 319 (1933).

In The National Cash Register Co. v. Kratz et al., 46 Montg. 63 (1930), an attachment was issued against defendants naming a justice of the peace as garnishee, in an individual instead of his official capacity. It was shown that the garnishee held cash bail in an official capacity. The court decided that it could not be attached. The court also held that the same principle applies to cash bail deposited with the clerk of the quarter sessions under the recent statute, stating: "If such proceedings were allowed, it would result in endless confusion and there could be no end to suits".

Accordingly, the foreign attachment in trespass in this case is dismissed, and the writ is quashed.

418

And now, August 1, 1934, the court directs Daisy K. Lingenfelter, clerk of the Court of Quarter Sessions of Lancaster County, to retain for the use of the County of Lancaster out of said fund or deposit of $300 the sum of $101.10, being one half of the costs due and payable by Michael J. Gilmore, defendant as aforesaid, and to pay to Michael J. Gilmore, the defendant, the balance thereof amounting to $198.90.    From George Ross Eshleman, Lancaster, Pa.