## McHugh v. Landherr

*Abraham T. Needleman,* for plaintiff.
*Jacob Boonin,* for petitioner.

SMITH, P. J., January 30, 1945.—This matter comes before the court on two rules: (1) Rule to show cause why L. Frances Disque should not be allowed to intervene in the above-entitled action; and (2) rule to show cause why the proceeds of the sheriff's execution against defendant's automobile should not be paid to the said L. Frances Disque.

The said Disque holds two judgments of record, one against plaintiff Joseph F. McHugh and the other against defendant Albert Landherr. On the first judgment, she caused an execution to issue against the personal property of McHugh and the sheriff's writ was returned nulla bona. She then caused an execution to issue under the second judgment against the personal property of Landherr, and a sale was had of certain articles of personal property as attached by the sheriff.

Plaintiff McHugh also had a judgment of record against defendant Landherr and, having located an

automobile belonging to the latter which was not levied upon under the petitioner's writ, he caused an execution to issue and the said automobile was sold by the sheriff. If petitioner herself had been more diligent, she at the time of her execution might have attached the said automobile of defendant. The sheriff now has in his possession the proceeds of the sale of the automobile of defendant under the execution as issued by the plaintiff. Petitioner now asks the court to order the sheriff to pay the proceeds of the said sale to her. It is her contention that she should be allowed to intervene in the above-entitled action and that she should be given the fund because she has an equitable lien against the fund.

With the contention we do not agree. Petitioner is merely a judgment creditor with no legal lien against the fund. The step which she now asks the court to take has no legal precedent in this jurisdiction. It amounts not only to asking the court of its own motion to order an execution under her judgment against the fund, but, in addition, to giving petitioner a priority over the legal plaintiff, McHugh. These funds are in the hands of the sheriff. He is an officer of the law and is responsible to those who have legal liens against the funds in his custody. Funds in the hands of the sheriff are not subject to attachment. In Fretz v. Heller, 2 W. & S. 397, Rogers, J., said (p. 400) :

"Whether this was the only judgment, we have not been informed; but, admitting that it was, yet it is not such debt as may be attached, under the Act; for money levied in execution by the sheriff upon a *fieri facias*, and in his hands, cannot be attached. See *Sergeant on Attachment 84*, and the authorities there cited. Although the money is not entirely in the hands of the sheriff, yet it is potentially so, which is the same thing. It may be recovered by the sheriff. It is his duty to collect it and to apply it to the payment of the judgments: *Ross v. Clarke* (1 *Dall.* 355). The case of *Reigle v. Seiger* is full to the point, that no suit can be

sustained in the name of the debtor. The price must go into the hands of the sheriff for the benefit of the lien creditors, and if anything remains it should be paid to the debtor. It is a matter of the first importance that money which is in course for legal distribution, should not be intercepted by the claim of third persons to the fund, as in that case there would be no end to suits." See also Blair Motor Car Co., to use, v. Mervine, 50 D. & C. 481, 482.

This action was not commenced in equity. While the courts of Pennsylvania have some latitude in the exercise of their equitable powers, they must be aware that their equitable jurisdiction is controlled by statute and that the matter of equitable liens under the laws of our State is strictly construed.

In Hepburn v. Snyder et al., 3 Pa. 72, 78, it was stated that the doctrine of equitable liens has not been engrafted on the jurisprudence of Pennsylvania.

In the Appeal of Cross and Gault, 97 Pa. 471, Mr. Justice Gordon said (p. 475) :

"But such a lien is unknown to Pennsylvania jurisprudence; it has not been as yet engrafted upon our legal system, and it is to be hoped never will be: Hepburn v. Snyder, 3 Barr 72. This is, no doubt, a hard case, but were we to establish the doctrine of equitable liens for the purpose of meeting this hard case, it would be like the letting out of water, disaster and confusion would be the result. In vain would the unfortunate judgment-creditor depend upon the dockets and records provided for his protection. Debts that he thought secure would be swept away by the insidious operation of secret equitable liens."

There has been little growth in the doctrine of equitable liens in Pennsylvania since the above cases.

An equitable lien in this case could arise only out of an antecedent and underlying agreement between petitioner and plaintiff in the nature of an assignment of the funds in the hands of the sheriff. This agreement would have to resolve that the fund was a security for

petitioner. There is no averment in the pleadings that there is an expressed or implied agreement of this nature. It may be argued that plaintiff is morally bound to pay this sum to petitioner, but a moral obligation alone is not sufficient to support an equitable lien. The mere fact that McHugh is a debtor of petitioner does not make him a trustee for her. The doctrine of equitable subrogation does not exist in this case. In Sundheim v. Philadelphia School District et al., 311 Pa. 90, Mr. Justice Kephart stated (p. 99) :

"The equitable doctrine of subrogation does not raise an ordinary claim or right to a preferential one, nor does it deny to persons, holding claims equal in all fairness to the one under which subrogation attaches, the right to participate equally in a debtor's assets with those asserting subrogation rights. The doctrine of subrogation is not to be used to create favorites among a class of creditors who at law are equal."

It has been said that an execution is the end of the law and should not be the commencement of new controversy: Calhoun v. Commercial Credit Corp., 151 Pa. Superior Ct. 589, 591.

The record shows that petitioner's lien against the property of defendant expired on July 3, 1944, the return day of her writ, and that the writ of plaintiff was not caused to be issued until September 19, 1944. Petitioner therefore has no legal lien against the funds in the hands of the sheriff and she has no equitable lien under the laws of this jurisdiction.

There is no need to discuss the right of petitioner to intervene since we have decided that she is a stranger to the cause of action between McHugh and Landherr and has no legal or equitable lien against the funds in the hands of the sheriff. She is relegated to her legal remedy under her judgment.

### Order

And now, to wit, January 30, 1945, the rule to show cause why petitioner should not be allowed to inter-

vene and the rule to show cause why the proceeds of the sheriff's execution against defendant's automobile should not be paid to her are both discharged.