## Friendly Loan Service v. Watkins et ux.

*Morris Passon*, for plaintiff.
*R. Lawrence Clay*, for defendants.

SMITH, P. J., January 26, 1949.—This matter comes before the court upon a motion filed by Israel Kravitz for a judgment on the pleadings.

The complaint avers that he did purchase at sheriff's sale, held on June 7, 1948, at Philadelphia, Pa., a property situate 651 North Thirty-ninth Street, Philadelphia; that the said sale was held on a writ of fieri facias issued out of the Court of Common Pleas No. 1 of Philadelphia County at the suit of Friendly Loan Service v. Walter M. Watkins and Sadie E. Watkins; that the sheriff's deed to plaintiff, Israel Kravitz, for the said premises was dated and acknowledged by William J. Morrow, Chief Deputy Sheriff of Philadelphia County on September 20, 1948, and duly recorded in the Office for the Recording of Deeds of Philadelphia County on September 28, 1948; that the persons in possession are Walter M. Watkins and Sadie E. Watkins, defendants whose property, the said real estate, was sold; that they have had written notice of the title of plaintiff, but refuse to deliver up possession. The petition requests the court to direct the Sheriff of Philadelphia County to evict defendants and to give possession of said premises to plaintiff.

The answer of defendants admit all of the material averments of the petition, but aver that they are ready and willing to deliver constructive possession of the said property to plaintiff if he will enter into a lease with them for a reasonable rental for such period of time as they find it necessary to obtain possession and occupancy of a property situate 877 North 46th Street, Philadelphia, which they have agreed in writing to purchase. Defendants aver that plaintiff seeks to evict them without conforming with the rules and regulations of the Federal Housing and Rent Act of March 30, 1948, 62 Stat. at L. 93, extending Federal rent control, as well as the City Housing and Rent Commis-

sion and, for this reason, asks that the said complaint be dismissed.

Defendants are in error in construing this case as one involving the rights of a landlord and tenant. When a sheriff sells land under a writ of execution, he sells the whole interest of a debtor without stipulation or restriction and can reserve nothing for him: Fretz v. Heller, 2 W. & S. 397. The debtor who attempts to continue in possession after a property is sold at sheriff's sale, possesses no legal rights which the purchaser must recognize. There can be no inference under the pleading by which he can be considered a tenant. The relationship of landlord and tenant does not exist. He is a trespasser with no color of title and should vacate the premises. The regulations of the Federal Housing and Rent Act do not here apply since defendants cannot be regarded as tenants.

Under Pa. R. C. P. 1061, under the Act of June 21, 1937, P. L. 1982, it is provided:

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit.

"(b) The action may be brought . . .

"(4) to obtain possession of land sold at a judicial or tax sale."

Under C. P. rule 1066* (5):

"When judgment is given for a plaintiff in any action brought under Rule 1061(b) (4), the court will enter an order directing a writ of possession to issue."

### Order

And now to wit, January 26, 1949, the court enters a judgment in favor of plaintiff against defendants, and hereby enters an order directing a writ of possession to issue against Walter M. Watkins and Sadie E. Watkins, defendants.