## MASON *versus* INHABITANTS OF ELLSWORTH.

In an action against a town for an injury sustained through a defect in the highway, notice to the town, that such defect existed, is sufficiently proved, if the same was known to two of its inhabitants, capable to communicate information of it.

It is not necessary that such inhabitants should be among the principal men of the town, or that they should be assessed for public taxes.

Bodily pain is among the items for which compensation is to be made to one, who has suffered an injury through a defect in the highway.

CASE, tried before WELLS, J., for damage through a defect in the highway. It consisted in a sudden or abrupt deepening of the cart-rut, which was, at the time of the accident, covered by water.

One Dunham and one Hinkley, inhabitants of Ellsworth, testified that they had known of the defect a week before the accident.

The defendants proved that the cash tax of Ellsworth, for that year, was over $5000 ; that Dunham was taxed but $2,60, and Hinkley was not taxed.

The jury were instructed that, if the witnesses were believed, notice to the defendants was sufficiently proved; and that among the items of damage they should include the bodily pain, suffered by the plaintiff. The defendants excepted to these rulings.

*Herbert*, for defendants.

1. The case does not show the witnesses to have been " principal men, or men of substance." *Lobdell* v. *New Bedford*, 1 Mass. 153 ; *Springer* v. *Bowdoinham*, 7 Maine, 442 ; *French* v. *Brunswick*, 5 Maine, 29 ; *Reed* v. *Northfield*, 13 Pick. 94.

In all those cases the defects were open and visible. In this case the defect was a secret one. It was a hole in a rut, filled with water, with nothing to distinguish it from other parts of the way, or from an ordinary rut. It could be seen only by searching for it.

Can there be an implied notice of a latent defect ? Latent defects, of however long continuance, do not carry notice.

What is reasonable notice, is a question for the court.

The jury found a matter of law only.

2. The instruction, that the jury should compensate for bodily pain, was erroneous.

TENNEY, J. — It has been settled, in *Verrill* v. *Minot*, (31 Maine, 299,) that such an allowance is proper.

*Herbert.* — In that case, was the item of suffering charged for in the declaration ? The tendency of such a doctrine would be to make drivers careless. There can be no standard for estimating such damage. The rule would introduce quite too much looseness into legal proceedings.

*J. Appleton* and *Robinson,* for plaintiff.

HOWARD, J., orally. — Dunham and Hinkley were inhabitants of Ellsworth. Dunham testified that he knew of the defect about a week before the accident, and that he drove over the place with an ox-cart every day.

Hinkley testified, that he was in the habit of passing there with a loaded team, saw the defect a week before the accident, was afraid to let his horses go into the hole, lest they should " get stuck." He found the mud in the hole to be 15 inches deep. Dunham was assessed $2,60 out of more than $5000. tax. Hinkley was not assessed. The Judge ruled that, if the jury believed the testimony of these witnesses, the notice, requisite for charging the town, was made out. Was that ruling correct ?

It was early found that the beneficial operation of the statute would be in a great measure defeated, if express notice to the town, in its corporate capacity, or to its officers, must be proved. It was then decided that the requisite notice might be implied. And it was held, that actual notice to some of its principal inhabitants would be sufficient. Afterwards it became the rule, that knowledge of a defect by some of the inhabitants would answer, if they were capable to receive and to give notice to the town. It has not, perhaps, been settled how many of the inhabitants must have had the notice. We think it quite unimportant what amount of taxes

may have been assessed against such inhabitants. The notion which contemplated the notice to be given to some principal inhabitant seems to have been long disregarded. On the whole, there does not appear to be any valid objection to the Judge's ruling.

2. The jury were instructed, that in their assessment of the damage, they should compensate the plaintiff for his suffering of bodily pain. We consider that ruling to be correct ,and that it is in harmony with the decisions in this and in other States, and that it is now the settled doctrine.    *Verrill* v. *Minot*. 31 Maine, 299.

*Exceptions overruled.*