Carter v. The Town of Monticello.

CARTER v. THE TOWN OF MONTICELLO.

1. **Cities and Towns:** INJURY ON DEFECTIVE SIDEWALK: NOTICE OF DEFECT TO MEMBER OF COUNCIL: EFFECT OF. In an action for injuries caused by a defective sidewalk, the court instructed, in substance, that, while the town would be bound by notice of defects communicated to a member of the town council, such notice must relate to the defects which caused the injury, and that notice of defects which had been repaired before the accident occurred would not charge the town with notice of those which caused the injury, though they occurred at the place where the repairs had been made. *Held* that the instruction was correct.

*Appeal from Jones Circuit Court.*

SATURDAY, DECEMBER 19.

THE defendant is an incorporated town, and is charged with the duty of keeping the streets and highways within its boundaries in proper repair. Plaintiff, while walking on a sidewalk in one of the streets of said town, fell and sustained a severe personal injury. He brought this action to recover damages for such injury, alleging that the same was

caused by the negligence of defendant in failing to keep said walk in proper repair. There was a verdict and judgment for defendant. Plaintiff appeals.

*Welch & Welch*, for appellant.

*E. Keeler* and *Herrick & Doxsee*, for appellee.

REED, J.—The only question made in the argument by appellant's counsel is as to the correctness of the following instruction which was given to the jury by the circuit court: "Actual notice to one of the members of the town council of defendant is notice to defendant; but same must be as to the defect or danger which caused the injury to plaintiff, and not another defect or danger, although at the same place. And should you find from the evidence that one of such council had knowledge of a defect or danger in the sidewalk where plaintiff was injured, and that such defect was repaired before the injury to plaintiff occurred, then such knowledge would not constitute the required notice in this case."

It is contended that under the first paragraph of this instruction plaintiff could not recover upon proof that defendant had actual notice of the general bad condition of the walk at the place where the accident occurred, but that he is required by it to prove notice of the particular defect which caused the injury. That paragraph, however, was not intended as a distinct proposition. The instruction as a whole expressed what the court held to be the law applicable to a state of facts which the evidence tended to prove; and, in determining what meaning is expressed by it, we should consider it as a whole. There was evidence tending to prove that some months before the accident the sidewalk at the place where the accident occurred was out of repair, and that this was well known to a member of the town council, and that he directed the owner of the abutting property to have it repaired, and that it was repaired, but that one or more of the planks had become loose, and that this caused the injury.

As applicable to this state of facts, we think the instruction is correct. It has reference to defects existing in the walk at different times, and not to different defects existing at the same time. The rule laid down by the instruction is that, while the town would be bound by notice of the defect communicated to a member of the town council, such notice must relate to the defects which caused the injury, and that notice to the councilman of defects which had been repaired before the accident occurred would not charge the town with notice of those which caused the injury, although they occurred at the place where the repairs had been made; and this rule is expressed with sufficient clearness. The jury could hardly have misunderstood the instruction, or placed the construction upon it of which counsel now contend it is capable. The judgment will be

AFFIRMED.