KATE FULLER v. THE MAYOR, RECORDER, AND ALDERMEN OF THE CITY OF JACKSON.

*Municipal corporations—Failure to keep sidewalk in repair—Knowledge or notice of defect—Pleading—Declaration—Demurrer.*

1. A declaration in a negligence case brought against a city for failing to keep a sidewalk in repair is not fatally defective in not counting upon the statute, unless demurred to. *Railroad Co. v. Southwick,* 30 Mich. 446.

2. Only when no cause of action is stated in the declaration is the

defendant justified in pleading the general issue, and raising objections to the declaration on the trial.[1]

3. In a negligence case against a city to recover damages for injuries sustained by reason of a defective sidewalk it appeared that the walk was built by a land-owner in front of his property without an order from the city. The charter gave the city control of all sidewalks in the public streets. And it is held that when the sidewalk was once laid, no matter by whom, it became the duty of the city to see that it was kept in proper repair, and in a safe condition for travel.

4. Knowledge on the part of a city street commissioner or alderman of the unsafe condition of a sidewalk, for a sufficient length of time before an accident to repair the walk, is equivalent to notice to the city. *Dundas v. City of Lansing*, 75 Mich. 509.

5. Knowledge of one defect in a sidewalk is not to be inferred by neglect to repair another.

Error to Jackson. (Peck, J.) Argued June 26, 1890. Decided October 10, 1890.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles E. Snow,* for appellant.

*Loud & Price,* for plaintiff.

GRANT, J. Plaintiff brought suit for damages claimed to have resulted from a defective sidewalk. Defendant pleaded the general issue. Verdict and judgment were for the plaintiff. After the jury had been called, but before they were sworn, defendant's counsel objected to swearing the jury, or proceeding with the trial, because:

1. The declaration is drawn as if plaintiff had a common-law right to the action therein mentioned, and does not refer to or count upon the statute which authorizes a suit for injuries caused by a defective sidewalk.

2. The place of the accident is not sufficiently described, it being described as "on the south side of Pearl street,

---

[1] See *Campbell v. Kalamazoo,* 80 Mich. 659; *Kraatz v. Electric Light Co.,* 82 Id. 457.

a short distance east from its intersection with Mechanic street, in the city of Jackson."

3. The allegation is in the alternative, and therefore not set forth with sufficient certainty, the allegation being that the injury was caused by "stepping on a broken board, or into a hole."

If any of these objections were good, they should have been raised by demurrer. The first objection is ruled by *Grand Rapids, etc., R. R. Co. v. Southwick,* 30 Mich. 446. All the objections are purely technical. The declaration is sufficient to sustain a general verdict. Only when no cause of action is stated in the declaration is defendant justified in pleading the general issue, and raising the objections upon the trial. Otherwise, the plea waives all defects. The objections were properly overruled. We are not disposed to treat such objections with much favor.

The evidence tended to show that Pearl street was one of the principal streets of the city, and much traveled; that plaintiff had lived on it several months, and passed over it every day; that the sidewalk was not ordered or built by the city, but was built by the owner of the property, of inch boards; that teams drove across it into a passage-way to another street; that a fence was put along the sidewalk to stop the teams, which was several times torn down; that the owner afterwards repaired the walk, and that some of the broken places were filled in with cinders; that there were two holes in the sidewalk, which had been caused by the passage of the teams, and that these holes had been there for some time previous to the accident; that the street commissioner was seen passing over Pearl street shortly before the accident, and that one of the aldermen frequently passed over the street, and saw teams passing over the sidewalk. No notice to the defendant was otherwise shown.

The accident happened in the evening, but it was suf-

ficiently light for plaintiff to see. No teams had passed over the sidewalk for some time previous to the accident. She testified that when she came to the hole, and saw it, she stepped over it onto the next plank, which was broken, and let her down; that her foot slipped under the next plank, and threw her backwards; that she had never noticed the broken board before; she could see everything plainly; was not thinking of the defective condition of the walk till she came right to it.

The court instructed the jury—

1. That the sidewalk was one over which the corporate authority of the city extended.

2. That they must find that the injuries of which plaintiff complained were the result of the neglect of the defendant to keep the sidewalk in reasonable repair, and in condition reasonably safe and fit for travel.

3. That they must find that she was free from contributory negligence.

4. That they must find that the defendant had reasonable time and opportunity, after knowledge by or notice to it that the sidewalk had become unsafe or unfit for travel, to put the same in proper condition for use, and had not used reasonable diligence therein after such knowledge or notice.

5. That knowledge on the part of the street commissioner or alderman of the unsafe condition of the sidewalk for a sufficient length of time before the accident to repair it was equivalent to notice to the city, and that the jury must determine whether such knowledge had been shown.

6. That if the jury found that the defendant had notice of the hole across which plaintiff stepped, but had no notice of the defect in the board, and that the defendant in repairing the hole would have discovered the defect in the board, the defendant would be liable.

The charge of the court was very long, but the above are substantially the propositions submitted to the jury. The first five instructions were correct. The defendant could not avoid liability by permitting the owner of the

property to put down the sidewalk. When the sidewalk was once laid, no matter by whom, it then became the duty of the defendant to see that it was kept in proper repair, and in safe condition for travel. By the terms of defendant's charter, the control of all sidewalks in the public streets and alleys of the city is expressly conferred upon the common council, and the statute imposes a liability for neglect and consequent injury which the common law did not. This ruling does not conflict with *McArthur v. Saginaw*, 58 Mich. 357 (25 N. W. Rep. 313).

No fault is found with the second instruction, provided the others were correct.

The determination of the question of contributory negligence was properly left to the jury. The plaintiff had no occasion for the exercise of care until she reached the hole. She was justified in stepping over it onto the board beyond,—only about a foot,—unless she knew that the board was either weak or broken. We find no evidence in the record that she knew of its condition, or had reason to believe it was unsafe to step upon it.

The fourth and fifth instructions were correct. Knowledge on the part of the street commissioner or alderman was notice to the defendant. This was settled in this State in the case of *Dundas v. City of Lansing*, 75 Mich. 499 (42 N. W. Rep. 1011). Further comment is therefore unnecessary.

The sixth instruction was clearly erroneous. It could not follow that because there was a hole in the walk the defendant would have knowledge, and therefore constructive notice, that the surrounding planks or boards were defective. There was no necessary connection or association between the two. Knowledge of one defect is not to be inferred by neglect to repair another. This was given great prominence in the oral charge of the court, and

very likely had great influence in determining the verdict.

For this error, the judgment will be reversed, and a new trial ordered, with costs.

The other Justices concurred.