GEORGE H. JORDAN *vs.* PARDON S. PECKHAM, Town Treasurer of the Town of Coventry.

Notice to a member of the town council of a town of a defect in a highway is not actual and express notice of the defect to the town.

*Query,* whether in view of the powers and duties of town councils relative to highways under Pub. Stat. R. I. cap. 64 and cap. 65, notice to the town council in its official capacity of a defect in a highway is not notice to the town.

TRESPASS ON THE CASE for injuries sustained by reason of a defect in the highway. This case was pending in the Supreme Court on exceptions to the Court of Common Pleas when the Judiciary Act went into operation.

*March* 19, 1895. PER CURIAM. The only question raised by the plaintiff's bill of exceptions in this case is whether notice to a member of the town council of the defendant town, of the defect in the highway where the accident happened was actual and express notice to the town of the condition of such highway. We do not think it was. A member of a town council simply as such, is not charged by the statute with any duty nor has he any authority regarding the highways of the town. It is true that the town council, acting as a body in their official capacity, has much to do in connection with the construction and oversight of highways ; Pub. Stat. R. I. cap. 64 and cap. 65 ; and we are not prepared to say that notice to it of a defect in a highway would not be express notice to the town. But we fail to see that notice to an individual member thereof, is any more binding

upon the town than it would be if given to any other tax payer thereof.    Notice brought home to an officer charged with the maintenance and repair of the highways of the town generally, ·or with the particular one where the defect exists would doubtless be sufficient.    Thus, it has been held, and doubtless correctly, that notice to a street commissioner or a road overseer is notice to the corporation ; *Parish* v. *Eden*, 62 Wis. 272 ; and also that notice to one of three supervisors of highways is notice to all and to the town ; *Bailey* v. *Spring Lake*, 5 Amer. & Eng. Corp. Cases, 651.    So, where the police are charged with the duty of removing obstructions from the streets, notice to a policeman while on duty of the obstruction has been held sufficient.    Elliott on Roads and Streets, p. 463, and cases cited in note 7.    And while there are cases which hold that notice to a town councilman is notice to the town, *Carter* v. *Monticello*, 68 Iowa, 178 ; *Fuller* v. *Jackson*, 82 Mich. 480 ; *McKiegne, Ad'x*, v. *City of Janesville*, 68 Wis. 57 ; (but see statute of Wis. as to powers and duties of councils) ; and even in one state, that notice to individual citizens is notice to the town, *Mason* v. *Ellsworth*, 32 Me. 271 ; (but this rule has since been modified by statute, *Rogers* v. *Shirley*, 74 Me. 144) ; yet the preponderance of authority as well as the better reason we think is opposed to this view.    *Vandersliee* v. *Philadelphia*, 103 Pa. St. 102 ; *McDermott* v. *Kingston*, 19 Hun. 198 ; *Bush* v. *Geneva*, 3 Thomp. & C. 409 ; Dissenting opinion by Elliott, J. in *Logansport* v. *Justice*, 74 Ind. 378 ; *Donaldson* v. *Boston*, 16 Gray, 508.    See also Pub. Stat. R. I. cap. 65, §§ 15, 16 ; *Winsor* v. *Tripp*, 12 R. I. 454.    We are therefore of the opinion that the refusal of the court in this case to charge the jury "that notice to a member of the town council of Coventry was actual and express notice to the defendant town of the condition of said highway," was not error.

Exceptions overruled, and judgment of Court of Common Pleas affirmed.

*Charles H. Page & Franklin P. Owen*, for plaintiff.

*Ezra K. Parker*, for defendant.