THE CITY OF PITTSBURG v. JULIANNA BRODERSON.

**No. 500.** ( 62 Pac. 5.)

1. CITIES—*Defective Sidewalks—Evidence.* The evidence considered, and *held* sufficient to identify the sidewalk, mentioned in the report of the committee of the city council on streets and alleys, as the sidewalk upon which plaintiff claimed to have been injured.

2. ———— *Knowledge of Committee on Streets and Alleys.* Knowledge on the part of the members of the committee of the city council on streets and alleys of the defective and dangerous condition of a public sidewalk in such city is sufficient to charge the city with negligence.

3. ———— *Evidence—Immaterial Error.* The evidence claimed by plaintiff in error to have been improperly admitted examined. *Held*, that its admission did not constitute such error as to require a reversal of the case.

4. ———— *Fair Trial—Immaterial Error.* Where the record shows an unusually fair trial, the instructions of the court, the special findings and general verdict of the jury being free from any appearance of passion or prejudice, and substantial justice appears to have been done, errors, to require a reversal, must be very grave and material ones. (*Railroad Co. v. Sadler*, 38 Kan. 128, 16 Pac. 46.)

Error from Crawford district court; W. L. SIMONS, judge. Opinion filed July 25, 1900. Affirmed.

*W. J. Gregg*, for plaintiff in error.

*Brayman & Hill*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Defendant in error brought this action against the city of Pittsburg to recover damages for personal injuries alleged to have been sustained by her because of the defective and dangerous condition of a sidewalk in said city. The case was tried to a jury, which returned a verdict for plaintiff. Judgment was rendered upon the verdict and the city brings the case here.

The first error complained of by plaintiff in error is the admission in evidence, by the trial court, of the report of the streets and alleys committee of the city council, to show the condition of the sidewalk where plaintiff claimed to have been injured, and to show that the city had actual notice of the condition thereof.

The ground of plaintiff's objection to this evidence appears to be that the sidewalk mentioned in the report was not identified as being the sidewalk upon which plaintiff claimed to have been injured. The report, so far as material to this case, is as follows:

"PITTSBURG, KAN., July 10, 1896.
"In the matter of condemnation of certain sidewalks, said walks being in the hard sidewalk district.
"*To the honorable mayor and councilmen of the city of Pittsburg, Kan.:*
"We, the committee on streets and alleys, recommend the condemnation of the following sidewalks as being unfit for use and further repair, and that new walks be built in their stead:
"Lots No. 236 and 205, block No. 34, original town (now city) of Pittsburg; north side, between Broadway and Locust."

In her petition, plaintiff alleged that the injury was sustained on the south side of Third street, between Broadway and Locust streets, in the city of Pittsburg, Kan.

L. E. Merithew, who was city clerk at the time the accident occurred, testified that the two lots described in the report were on the *north* side of block 34; that one lot faced Locust street and one faced Broadway; that the lots lay east and west and extended entirely across the block from Broadway to Locust, and that they were the only lots on the north side of block 34 that joined Third street.

If the lots were on the north side of the block, and

one faced Broadway and one faced Locust Street—the two together extending entirely across the block—it is clear that the only point at which they could join Third street would be on their north side ; and if they joined Third street on their north side, it follows that they must have been on the south side of the street. The allegation of the petition was that the sidewalk was, on the south side of Third street between Broadway and Locust ; the report locates the sidewalk on the north side of lots 236 and 205, of block 34, and the evidence of Merithew clearly shows that these lots lay on the south side of Third street between Broadway and Locust streets. We think that it clearly appears from the evidence that the sidewalk described in the report was identical with the one described in the petition. It was not disputed that this report was filed by the chairman of the streets and alleys committee with the city clerk more than twenty days before the date on which the inquiry is alleged to have been sustained. The report certainly showed that the streets and alleys committee had notice of the dangerous and defective condition of the sidewalk, and notice to the committee would be notice to the city. (*Carter v. Town of Monticello*, 68 Iowa, 178, 26 N. W. 129 ; *City of Logansport v. Justice*, 74 Ind. 378.)

Plaintiff in error further contends that the court erred in admitting the following testimony of Doctor De Neideman, who testified as an expert :

"Ques. Now, I will ask you, if you know, if she should suffer from a cold or anything, if these parts that have been injured would be more liable to be affected than those that had not been injured? Ans. Yes, sir.

"Q. Now, then, how would it be in regard to that?

Pittsburg v. Broderson.

A. She is liable to suffer from the effects of that injury if she had been perfectly sound and well, by exposure and cold.''

In determining whether or no this testimony was prejudicial to plaintiff, it is necessary to consider it in connection with other evidence.    The witness had just testified that the plaintiff had suffered a fracture of the seventh rib, and probably a fracture of the eighth, and that as a result of such fracture there was a thickening between the ribs and the cartilage ; that such injury would be permanent, and was such as to prevent plaintiff from doing ordinary housework, lifting weights, and stooping down.    The witness also testified that there was an injury to the ligaments of the shoulder joint, and also to the muscular fibers surrounding the joint, and an injury to the cartilages covering the arm bones and the wall of the muscular fibers ; that as a result of such injury the capsular ligaments were thickened unduly and the cartilages covering the ends of the bones and the cavities in the bones were thickened and prevented free motion of the arm and muscles back of the arm, and that such injuries would be permanent.

The testimony objected to was improperly admitted, but, viewed in the light of the entire evidence, we do not consider its admission such error as to require a reversal of the case.

It is a matter of common experience that injured parts are more likely to be affected when a person suffers from a cold than are uninjured parts of the body, and it is very unlikely that testimony, such as that under consideration, would have any weight with the jury in determining the amount of damages to which plaintiff would be entitled.    The undisputed evidence in the record shows that plaintiff was cer-

tainly entitled to damages if the city had notice of the defective condition of the walk, and as to this the evidence is full and satisfactory. The court afterward refused to permit evidence of a like character to go to the jury, and it is reasonable to assume that this would have some influence in restraining the jury from considering the testimony in question as affording a basis for damages. Plaintiff in error urges that the testimony was also improperly admitted because it tended to show pain and suffering in the future, when, as a matter of fact, the petition made no claim of damages for future pain and suffering. We do not think that the objection was broad enough to cover this point, but, at all events, the evidence could be introduced under the allegation that plaintiff was permanently injured. The law infers pain and suffering from personal injury. (Suth. Dam. 766.)

The record shows an unusually fair trial, the instructions of the court, the special findings and general verdict of the jury being free from any appearance of passion or prejudice. Substantial justice appears to have been done, and, under such circumstances, errors, to require a reversal, must be very grave and material ones. (*Railroad Co. v. Sadler*, 38 Kan. 128, 16 Pac. 46.)

No error appearing sufficient to require a reversal, the judgment of the district court will be affirmed.