MARY ANDERSON v. CITY OF ALBION.

- FILED MARCH 19, 1902. No. 11,305.

Commissioner's opinion, Department No. 2.

1. **Streets and Sidewalks: DEFECT: INJURY: RECOVERY: INSTRUCTION.**
A city is bound to keep its streets and sidewalks reasonably safe and convenient for travel; and an instruction which charges the jury that, before a plaintiff can recover for injuries sustained by reason of a defect in a sidewalk, the jury must find "that said defect left the sidewalk in an unreasonably dangerous condition," is erroneous.

2. ——: ——: **DUTY OF OFFICER: NOTICE.** The law makes it the duty of the officers of a city to exercise reasonable diligence for the purpose of knowing whether or not its avenues of public travel are reasonably safe, and they are not to wait for knowledge of defects or dangerous conditions of its sidewalks until these facts attain notoriety in the city. An instruction which, in effect, charges that the defect in a sidewalk must have been "notorious and continued," before the city can be charged with notice thereof, is erroneous.

ERROR from the district court for Boone county. Tried below before THOMPSON, J. *Reversed.*

*C. E. Spear* and *J. S. Armstrong,* for plaintiff in error.

*O. M. Needham, contra.*

OLDHAM, C.

This is an action brought for damages by Mrs. Anderson, the plaintiff in error, against the city of Albion, for injuries received by her, alleged to have been occasioned by a defective sidewalk in that city. The petition alleges, and the testimony tends to show, that on one of the main traveled streets of that city was a wooden sidewalk, in which was a loose and broken plank; that this plank was immediately over an excavation from two to three feet deep; that Mrs. Anderson, in passing over this sidewalk, stepped on this broken and loose plank, which gave way, causing her to fall into the excavation, and thereby she sustained the injuries complained of. She testified that this broken plank was in place when she stepped upon it. Other witnesses testified that this plank had been broken for some days prior to the accident, and some of the time it was in place and at other times it was lying out of place, exposing the defect in the sidewalk and the excavation under it. The city filed its answer admitting its corporate capacity, and that the place of the alleged injury was a street with a sidewalk thereon; denied the other allegations of the petition, and then pleads affirmatively contributory negligence on the part of plaintiff. To this answer plaintiff filed a general denial. The case was tried on these issues to a jury, who returned a verdict for the city, on which judgment was entered and plaintiff below prosecutes error to this court.

The principal errors assigned are that the verdict is not sustained by the evidence, and that the court erred in giving certain instructions. In view of the fact that instruction No. 12, given by the court, can not be sustained on any hypothesis, and contains prejudicial error, which will call for a reversal of the judgment below, and another trial of these issues, we shall refrain from passing on the sufficiency of the evidence to sustain the verdict. This instruction is as follows: "The jury are instructed that before they can find for the plaintiff, they must find the

plaintiff has suffered injury; that the injury was caused by a defect in the sidewalk; that said defect left the sidewalk in an unreasonably dangerous condition; that the plaintiff did not contribute to said injury by any negligence on her part; that the city authorities had actual knowledge of said defect in time to have repaired same before the accident happened, or that the defect had been notorious and continued for a length of time within which the city authorities, in the exercise of reasonable care and diligence, could have known of the same." Among the various propositions laid down in this instruction there are two which misstate the law, viz.: First, "that said defect left the sidewalk in an unreasonably dangerous condition"; and, second, "that the city authorities had actual knowledge of said defect in time to have repaired same before the accident happened, or that the defect had been notorious and continued for a length of time within which the city authorities, in the exercise of reasonable care and diligence, could have known of the same." As to the first proposition, a city of this state is intrusted by law with the charge, direction and control of the streets, sidewalks, culverts and bridges of the city, and is burdened with the duty to use reasonable care and diligence in making and keeping the streets and sidewalks safe and convenient for travel. In short, it is bound to keep its streets and sidewalks thereon reasonably safe and convenient for travel. When its sidewalks are even dangerous without being "unreasonably dangerous," it has failed in its duty in this respect; and hence the conditions of dangerous and "unreasonably dangerous" are conditions of its streets under which it can not justify defects therein which result in injuries to the traveling public. As to the second proposition, the rule is laid down tersely by Judge Dillon in his work on Municipal Corporations (vol. 2, sec. 1025), in which he says: "The corporation, in the absence of a controlling enactment, is responsible only for a reasonable diligence to repair the defect or prevent accidents after the unsafe condition of the street is known, or ought to

have been known to it, or to its officers having authority to act respecting it. A corporate body never can either take care or neglect to take care except through its officers or servants. If such a body, by its officers or servants, has the means of knowing that a street is unfit for travel, and is negligently ignorant of its state, it is guilty of negligence." This court, in the case of *City of Lincoln v. Smith,* 28 Nebr., 762, held that, to render a city liable for injuries caused by defective sidewalks, it is not necessary that it should have had actual notice of the defect. If a state of facts exist, such that ignorance can only arise from a failure to exercise reasonable official care, notice will be presumed. In *Pomfrey v. Village of Saratoga Springs,* 104 N. Y., 459, the court said: "Actual notice to the proper municipal authorities of a defect is not necessary in order to charge it with negligence; they owe to the public the duty of actual vigilance; and where a street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them." The law casts on the officers of a city the obligation of vigilance and reasonable diligence to keep its streets in a reasonably safe condition, and this obligation is not discharged nor condoned by waiting until the "defect had become notorious." In other words, the law makes it the duty of the officers of the city to exercise reasonable diligence for the purpose of knowing whether or not its avenues of public travel are reasonably safe, and they are not to wait for knowledge of defects therein until they attain notoriety in the city.

We therefore recommend that the judgment of the lower court be reversed and this cause remanded for further proceedings according to law.

Bᴀʀɴᴇs and Poᴜɴᴅ, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.