## MARIE F. NOTHDURFT V. CITY OF LINCOLN.*

FILED NOVEMBER 19, 1902. No. 12,175.

Commissioner's opinion, Department No. 2.

1. **Testimony:** INFERENCES: REASONABLE FOUNDATION IN FACT. The inferences which may be drawn from the testimony in determining the propriety of a direction to find a verdict for one of the parties, must have some reasonable foundation in the facts shown.

2. **Municipal Corporation:** PERSONAL LIABILITY: CONSTRUCTIVE NOTICE. In order to hold a municipal corporation liable for injuries received by reason of a defective sidewalk, it must be shown that the municipality, through its proper officers, had notice of the defect, or else that the defect had existed for so long a time that in the ordinary course of things they should have known of it, and hence are chargeable with constructive notice.

3. **Notice:** PARTICULAR DEFECT: GENERAL DEFECT. Notice of the particular defect which caused the injury is not necessary where it is shown that a general defective condition existed and was known to the officers of the municipality, either actually or constructively.

4. ———: ———: ———. But it is not sufficient to show notice of a particular defect which is different in kind from, and in no way related to, the one that produced the injury, and did not contribute thereto in any manner.

ERROR from the district court for Lancaster county. Action in the nature of trespass on the case. Tried below before FROST, J. Judgment for defendant. Plaintiff brings error. *Affirmed.*

*Frederick Shepherd,* for plaintiff in error.

*Edmund C. Strode* and *D. J. Flaherty, contra.*

POUND, C.

This is an action for damages alleged to have been sustained in consequence of a loose board in a sidewalk, upon which plaintiff tripped and fell while passing over the

* Rehearing allowed. See opinion, p. 434, *post.*

walk. The district court directed a verdict for the defendant.

Briefly stated, the evidence shows clearly that until about sixty days before the accident the walk had been in a very bad condition; that at that time it was thrown into the street and a new walk built, in which the best boards of the old walk were made use of; and that in building this walk the stringers were left protruding some distance at the end without being sawed off or covered with planks for their whole length. It appears, however, that these stringers were sunk in the ground, and there is no reason for concluding that they contributed to plaintiff's alleged injuries in any way. The evidence is overwhelming and convincing that the sidewalk was in reasonably safe condition for travel from the time it was rebuilt until the accident occurred, except possibly at the point where the stringers protruded. A large number of witnesses, who passed and repassed daily at the point in question, make this very clear. There is abundant evidence that the city had notice of the bad condition of the old walk that was thrown out in the street two months before, but there is nothing to show that the city had notice, actual or constructive, that a board had become loose in the walk as rebuilt, unless certain circumstances, relied on by plaintiff, are to be given such effect. Undoubtedly all proper inferences that jurors might draw from the evidence are to be indulged in this court in determining whether plaintiff made a case which should have been submitted to the jury. But we can not go into loose speculations or conjecture. The inferences which may be drawn must have some reasonable foundation in the facts as shown. In order to recover, it was necessary for the plaintiff to show that the municipality, through its proper officers, had notice of the loose board, or else that the defect existed for so long a time that in the ordinary course of things they should have known of it, and hence were chargeable with constructive notice. *City of Lincoln v. Calvert*, 39 Nebr., 305; *City of Plattsmouth v. Mitchell*, 20 Nebr., 228.

It is not always necessary that notice of the particular defect be shown. If a general defective condition exists, and is known to the officers of the municipality, either actually or constructively, all particular defects are sufficiently covered. *City of Plattsmouth v. Mitchell, supra.* But the municipal officers are not bound to search for and discover defects where there is no reason to believe that they exist. *City of Lincoln v. Pirner,* 59 Nebr., 634. Hence notice of the particular defect which caused an injury is not established by proof of notice of another particular defect which is different in kind from, and in no way related to, the one that produced the injury, and did not contribute thereto in any manner. In the case at bar it is argued that notice to the city that the stringers protruded as above explained was notice of the defect by reason of which plaintiff was injured. We can not agree. The injury was due to a board becoming loose; not immediately at the end where the stringers were left projecting, nor as a result of that condition, but in the walk itself. The evidence indicates clearly that all the boards had been nailed down, and that the board in question was not left unfastened, but became loose several weeks after it was laid. When this board became loose is not shown. It is shown, however, that the walk had been in a good and safe condition up to the time of the injury, and it does not appear that the projection of the stringers beyond the planks had operated in any way to cause the board to become loose. Unless the board was loose when the city's attention was called to the protruding stringers, its officers could not have discovered such fact when investigating the defect which had been brought to their notice. If it was loose at that time, in view of the large number of persons who passed and repassed at the point in question, as shown by the evidence, that fact was capable of proof. In view of the overwhelming evidence as to the safe condition of the sidewalk down to the time of the accident, it is apparent that the board became loose at or just prior to the time the plaintiff passed over it, and hence that there

was not sufficient time for the city to become chargeable with notice.

It is said that the lot owner was permitted to use boards of less width than those prescribed by the city ordinance, and that the city should be held for this reason. But that was a matter between the city and the lot owner. He could have been compelled to put down a different walk. Between the city and those who used the walk, however, the city's duty was merely to maintain a sidewalk in reasonably safe condition for travel. The regulations relied on by counsel amount only to a permission to the lot owner to construct a particular kind of sidewalk. *Davis v. City of Omaha,* 47 Nebr., 836. They do not govern the city's liability to pedestrians. The condition of the sidewalk maintained, whether unsafe or reasonably safe for travel, is all that is material to this controversy. It is also urged that the city should be held liable because it permitted boards from the old walk to be used in rebuilding, which would not hold nails as well as new boards. A municipality is not bound to maintain the best and safest sidewalks possible, but only sidewalks that are reasonably safe under all the circumstances. So long as the walk, which was in constant use, appeared to be in good and safe condition, after it was rebuilt, the city was not chargeable with notice at once, as soon as for some reason a board became loose, merely because old boards had been made use of in rebuilding. As the proof of notice goes only to the old walk torn up two months before, and not to the new one upon which the accident occurred, the trial court was well advised in directing a verdict for the city.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed July 3, 1903. *Former judgment adhered to:*

Commissioner's opinion, Department No. 2.

1. **Directed Verdict:** REVIEW: ASSUMPTION. In a case where a verdict has been directed by the trial court, the reviewing court will assume the existence of every material fact which the evidence of the complaining party establishes or tends to prove. *Paxton v. State,* 59 Nebr., 460.

2. ———: ———: ———: PRESUMPTION AGAINST ERROR. But this does not change the presumption that the judgment of the district court is correct; and it is the duty of the plaintiff in error, in all cases, to point out the errors by reason of which he claims the judgment should be reversed, and unless the error complained of is affirmatively established by the record, the judgment will be affirmed.

3. **Personal Injuries:** ACTION AGAINST MUNICIPAL CORPORATION. In an action against a municipal corporation to recover damages for personal injuries alleged to have been sustained by reason of the defective condition of a sidewalk, that the city had actual or constructive notice of the defect complained of is a substantive fact to be established by the evidence; and this fact can not be left to the mere inference or conjecture of the jury.

4. **Former Judgment.** Former judgment in this case, *ante,* page 430, adhered to.

BARNES, C.

This case is before us on a rehearing. In our former opinion we affirmed the judgment of the trial court (*ante,* page 430), and in that opinion the facts are stated so fully that no further statement is necessary.

The first point made by counsel is that because the district court directed a verdict, there is no presumption in favor of the correctness of its ruling, and that this court should carefully scrutinize the record in order to find something upon which to base a reversal of the judgment. This is not the law. The rule is a general one that a court of review will presume that the judgment of the district court is correct; and it is the duty of the plaintiff in error, in all cases, to point out and present the errors by reason of which he claims the judgment should be reversed. "All

presumptions favor the regularity of the proceedings of the district court, and an order or judgment made therein will not be reversed unless the error complained of is established by the record." *Maginn v. Pickard*, 57 Nebr., 642; *Alexander v. Irwin*, 20 Nebr., 204; *McBride v. Lathrop*, 24 Nebr., 93; *Birdsall v. Carter*, 16 Nebr., 422; *American Investment Co. v. McGregor*, 48 Nebr., 779; *First Nat. Bank v. Stockham*, 59 Nebr., 304, 305; *Roehl v. Roehl*, 15 Nebr., 655. "The findings and judgment of a court of record will always be presumed to rest upon sufficient evidence, unless the contrary be clearly shown by the record. Error is never to be presumed." *Singleton v. Boyle*, 4 Nebr., 414, 415; *Creighton v. Newton*, 5 Nebr., 100, 101; *Missouri P. R. Co. v. Hays*, 15 Nebr., 224, 226.

It is contended, however, that a contrary doctrine is announced in *Paxton v. State*, 59 Nebr., 460. We do not so understand that case. It merely states the well-established rule that in a case where a verdict has been directed by the trial court the reviewing court will assume the existence of every material fact which the evidence for the complaining party establishes or tends to prove. This does not change the presumption, nor does it relieve the complaining party of the duty devolving upon him to point out to the court the evidence which proves or tends to prove the facts which he relies on for a reversal of the judgment; and where there is a failure to affirmatively show the existence of such evidence, and in fact it is not contained in the record, the same presumption obtains and is decisive of the case where a verdict is directed, as well as in any other case.

Counsel contends that the jury might well have presumed that the city had notice of the defective condition of the sidewalk, to wit, the particular defect which caused the injury complained of in this case; and that where there was a scintilla of evidence to establish such a fact, the trial court should have submitted the question to the jury. Although the older cases appear to support such a doctrine, the rule is now well settled that a jury will not be per-

mitted to pass upon a matter about which reasonable minds can not differ, even though there is a scintilla of proof in the record. *Rogers v. Marriott,* 59 Nebr., 759; *Knapp v. Jones,* 50 Nebr., 490; *McKinney v. Hopwood,* 46 Nebr., 871. In *Knapp v. Jones* the court said that the evidence must be such as to justify different conclusions without reasoning irrationally. An examination of the record discloses that there was no direct evidence whatever, establishing or tending to establish the fact of notice on the part of the city. But it is contended by counsel that the boards used in the new sidewalk were too rotten to hold nails, and that this fact was the cause of the accident. This is merely an inference of counsel, for the evidence does not sustain the claim. It is true that some of the boards in the old walk were too rotten to hold nails, and that was one reason, and perhaps the principal reason, why the old walk was condemned and thrown into the street. This was done some sixty days before the accident occurred, and it appears that a new walk was constructed out of the good material contained in the old one, which was only about half its former length; and the evidence shows, without dispute, that the rotten boards in the old walk were rejected, and only the best ones used in the construction of the new walk. It is plain, therefore, that the evidence that there were rotten boards in the old walk which would not hold nails, does not tend to show that there were any such boards in the new walk, especially in the face of the overwhelming and undisputed testimony of many witnesses that the new walk was perfectly safe. Counsel devotes a large part of his last brief to the question of notice, which it is claimed the city had as to the condition of the old walk. There can be no question but that the city was abundantly charged with notice of the condition of that walk; but such notice is not material in the case at bar, because the old walk had been replaced by the new one about two months prior to the accident.

It is next contended that the city is charged with notice because the city sidewalk inspector had seen the new walk

some time prior to the accident. Counsel says that the jury could infer from this fact that the walk was bad, and that he knew that fact, notwithstanding the evidence on that point is all one way. It is claimed that the jury would have the right to say that it did not believe the city sidewalk inspector, and conclude that he really found it unsafe. No such extravagant power is conceded to juries by modern courts. The jury must decide upon the evidence. So long as all the witnesses testified that the new walk was safe, the mere fact that the city inspector saw it does not prove that he had notice of facts which are not shown to have existed. The fact that a board became loose after he inspected the walk is no evidence that it was loose at the time of his inspection. If the witnesses who testified as to the condition of the walk, or any of them, had stated that it was unsafe, the jury might have inferred, from the fact that the sidewalk inspector saw it, that he knew of the condition testified to by the witnesses. But the proof with reference to the condition of the new walk, prior to the accident, affords no ground for any inference whatever of notice. There is nothing in the evidence to show that the loose board which caused the accident became loose until at or about the moment when the accident occurred. The record affords no ground for the inference drawn by counsel. Repeated reference is made to the condition of the stringers at the end of the walk, and it is stated that they protruded at that point because the boards were loose and had come off. This statement is unwarranted. The testimony shows that the stringers protruded because no boards had been put upon them. This is a very different thing from the condition portrayed by counsel in his brief. It is made clear by the evidence that the stringers had not been sawed off at the end and no boards had been nailed to them at that point, so they protruded somewhat at the end of the walk. Taking the bare fact that the stringers projected slightly at this point, and ignoring the explanation clearly shown by the record, counsel bases an elaborate argument upon the supposed

rottenness of the boards, which caused them to become loose, and claims that it shows a general state of bad repair, and is therefore evidence of notice. This argument is based on an incorrect statement of the facts. The lower court heard the testimony and drew from it the same conclusion which we drew from reading it. We find no ground for the inferences insisted upon by counsel. This court will not draw an inference contradictory to the record in order to sustain an assignment of error. *Nebraska Land, Stock-Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.*, 52 Nebr., 410.

To sustain a verdict for damages in this case on account of the alleged negligence of the city, there must be evidence that the injury resulted from the negligence charged, and in this charge the element of notice is a substantive fact. This fact can not be left to the mere inference or conjecture of the jury. *Kilpatrick v. Richardson*, 37 Nebr., 731; *Omaha & R. V. R. Co. v. Clarke*, 39 Nebr., 65; *Omaha St. R. Co. v. Leigh*, 49 Nebr., 782; *City of Omaha v. Bowman*, 52 Nebr., 293, 66 Am. St. Rep., 506.*

It is next contended that the city is estopped because it had condemned the old walk, and ordered a new one of brick and stone to be built in its place. Having done this, and afterwards suffered a wooden walk to be laid, not in accordance with the ordinance, counsel seems to think that the city thereby became an insurer of the safety of all persons using the walk. We know of no ground upon which to rest such a holding. It is clear that no estoppel as to third persons could arise under such circumstances. *Oliver v. Lansing*, 59 Nebr., 219. The city is not an insurer of the safety of pedestrians, and is only bound to use reasonable diligence to keep its walks in safe condition for travel. The question as to what material should be used in the construction of the walk was one between the city and the lot owner. It could have compelled him to

---

* At page 512—end of case—see instructive note on liability of municipal corporation for keeping dangerous place alluring to children.—W. F. B.

construct a brick or stone walk, and in case of default on his part could have constructed one at his expense. But as between itself and the public generally, it was bound only to maintain a reasonably safe walk. There is nothing inherently unsafe in a wooden sidewalk, even though it does not conform to the requirements of the city ordinances; and if, as all the evidence in this case seems to establish, the fact existed that the walk in question, as reconstructed, was in a good condition and a reasonably safe walk, no liability attached to the city by reason of the accident.

In our former opinion we drew a distinction between general defects, and particular ones having no relation to the defect which caused the injury complained of, and in so doing gave our views of the case of *City of Plattsmouth v. Mitchell*, 20 Nebr., 228. Counsel now complains of that construction. Our position in that respect was well taken, and is amply sustained by authority. In the case of *Ruggles v. Town of Nevada*, 63 Ia., 185, 18 N. W. Rep., 866, it was held that to charge a town with constructive notice of a defective plank in a sidewalk, by reason of which an injury has occurred, it is necessary to show that the identical defect which led to the accident was open and visible, and no questions with respect to the condition of the walk in the locality near by can be admitted. It was held in the case of *Carter v. Town of Monticello*, 68 Ia., 178, 26 N. W. Rep., 129, that while a town will be bound by a notice of a defect in a sidewalk, communicated to a member of the town council, such notice must relate to the defects which caused the injury sued for, and notice to the councilmen of defects which had been repaired before the accident occurred, would not charge the town with notice of those which caused the injury, although they occurred at the place where the repairs had been made. In the case of *Village of Shelby v. Clagett*, 46 Ohio St., 549, 22 N. E. Rep., 407, it was held: "In an action against a municipal corporation to charge it with liability to one injured by a defective sidewalk, it can not,

as matter of law, be charged with notice of the defect that caused the injury, from the fact, merely,. that it knew of the existence of a general defect in the same walk." The same rule is announced in *Dundas v. City of Lansing,* 75 Mich., 499, 42 N. W. Rep., 1011; *Fuller v. City of Jackson,* 82 Mich., 480, 46 N. W. Rep., 721.

No other defect is mentioned in the new walk in question except the fact that the stringers protruded near the place where the accident occurred. This defect, if defect it was, would convey no notice whatever to the city of the fact that a board had become loose upon the walk at another near-by point. The testimony shows, however, that the stringers, at the place where they protruded, were imbedded in the soil and were level with the surface of the ground, so that this fact could have in no way contributed to the plaintiff's injury, and can not be said to have rendered the walk unsafe.

A careful re-examination of the record convinces us that there was no evidence tending to charge the city with notice of the particular defect which caused the plaintiff's injury, and for that reason we recommend that our former judgment be adhered to.

Oldham and Pound, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the former judgment in this case is adhered to.