## CITY OF OMAHA V. PETER KOCHEM.

FILED OCTOBER 19, 1905. No. 13,951.

1. **Cities**: SIDEWALKS. A city, charged with the duty of keeping its streets and sidewalks in safe condition for use, is not required to search for defects therein, where there is no reason to suppose defects may be found.

2. ——: ——: NOTICE OF DEFECTS. A city is not charged with implied notice of a latent defect in a sidewalk, producing an injury to a person using the walk, by the existence of a defect therein of a different character and which did not contribute to the injury in any manner.

3. ——: ——: ——. The city of Omaha must use ordinary care and diligence to keep its streets and sidewalks in reasonably safe condition for use by the public, but it will not be charged with implied notice of a latent defect in a sidewalk, not apparent on ordinary inspection, until such time or the happening of such event as would challenge the attention of a man of ordinary diligence, charged with a like duty, to such defect.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*C. C. Wright, W. H. Herdman* and *A. G. Ellick,* for plaintiff in error.

*John C. Cowin* and *Isador Ziegler, contra.*

DUFFIE, C.

Peter Kochem brought this action to recover from the city of Omaha damages sustained from a fall occasioned by a defect in the sidewalk on Cuming street in said city. In his brief his claim is set forth in the following language: "Defendant in error on January 2, 1903, between the hours of 4 and 5 o'clock in the afternoon, while walking to his home on the north side of Cuming street in the city of Omaha, stepped upon the cover of a scuttle hole that was partially removed from said hole owing to the want of fasteners which would have held said cover firmly in its place, thereby kicking the same entirely off, and being

violently precipitated into the excavation directly beneath. By reason of said fall he sustained severe bruises to his head and leg, several ribs being fractured and his chest wall caved in, and was unable to perform any manual labor for nearly 4 months." Judgment went in favor of Kochem, and the city has prosecuted error to this court.

The errors principally relied on are that the evidence is insufficient to sustain the verdict, in that the city had no actual notice of the defective condition of the walk, and that, in consequence of the defect not being visible on ordinary inspection, the city cannot be charged with implied notice of the defect; and, second, a claimed faulty instruction given by the court.

It is not claimed that the scuttle hole in the sidewalk and the cover over the same were faulty in their original construction. It is conceded, however, that the iron bolts by which the cover was fastened over the hole and which extended below into the area way beneath, where they were made fast, were broken two or three weeks previous to the accident, and that, in consequence, the cover had become displaced on several occasions prior to Kochem's injury. On each of these occasions the cover was at once replaced by those who saw it, and there is no evidence whatever that any officer of the city had any actual knowledge of the defect or that the cover had become displaced. It might further be stated that the cement walk surrounding the scuttle hole had become worn prior to the breaking of the bolts, and that there was some evidence to the effect that the cover would slip on account of such wearing away. This fact seems to be immaterial, as the evidence is conclusive that the accident was caused by the breaking of the fasteners underneath the cover of the scuttle hole, which defect could not be seen from the sidewalk. In order to see the broken rods the cover would have to be lifted, and the wearing away of the cement around the scuttle hole did not throw the cover above the sidewalk, or show any imperfection or defect which would be visible to one passing along the walk.

The third instruction of the court is in the following language: "Negligence is the gist of this action, and the burden of proving the negligence on the part of the defendant city, as alleged in plaintiff's petition, is upon the plaintiff, and, before he would be entitled to recover in this action, he must prove the negligence so alleged in his petition on the part of said defendant by a fair preponderance of the evidence, and in this case, if you find from the evidence that the said scuttle hole in controversy was constructed in such manner as was considered, exercising ordinary reason and prudence, ordinarily safe to persons passing along and over the same, using ordinary care and diligence, or that said scuttle hole became out of repair and unsafe and defective, and that said defendant city through its authorities had no knowledge of the same, and that such defective condition had not existed a sufficient length of time, or said defective condition existed in such manner that by the exercise of ordinary care and diligence the said defendant city could not have known it, then and in that event said defendant city would not be liable, and your verdict should be accordingly." The foregoing instruction was approved by this court, *City of Lincoln v. Pirner,* 59 Neb. 634, and relating thereto the court used the following language:

"By the instruction quoted the jury were informed, in unmistakable terms, that, if the defective condition of the coal-hole was of such a character that the city authorities could not have discovered it by the exercise of ordinary care, the city would not be liable. In other words, the right of the plaintiff to a verdict in her favor was, by the fourth instruction, made to depend upon the accident having resulted from a defect in the sidewalk which was so evident and open to view that actual knowledge of it must, in the usual course of events, have reached the agents and servants of the city, if they had faithfully performed the duty imposed upon them by law in seeing that the public streets were safe for those having occasion to use them. The jury, following the instructions of the court, could not have found for the plaintiff without

first finding that the defect in the sidewalk was a visible defect—one which ought to have been discovered and remedied by the city authorities before the accident happened. The conclusion of the jury upon this point is a just one. It is an eminently fair deduction from all the evidence in the case."

This puts the court upon record as holding that, where the defect is latent, not visible to ordinary inspection, implied notice of the defect will not be presumed and will not be charged against the city, until something occurs from which notice may be presumed or implied. In the same case at page 638 it is said:

"The action being grounded on negligence, the test of liability is whether the municipal authorities did everything which, under the circumstances, ordinary care and prudence required them to do; and the rule is that an omission of duty is not to be inferred from a failure to search for defects in a sidewalk where there is no reason to suppose defects may be found."

This holding is followed in *Nothdurft v. City of Lincoln*, 66 Neb. 430, and in that case it was further held that "it is not sufficient to show notice of a particular defect which is different in kind from, and in no way related to, the one that produced the injury, and did not contribute thereto in any manner."

The rule that latent defects, not visible on ordinary inspection, will not charge the city with implied notice is held in *Cook v. City of Anamosa,* 66 Ia. 427. And *Duncan v. City of Philadelphia,* 173 Pa. St. 550, 34 Atl. 235, and *Cooper v. City of Milwaukee,* 97 Wis. 458, 72 N. W. 1130, seem inclined to the same view. A head-note in the Iowa case is in the following language: "A city is not charged with notice of a defect in a sidewalk which is not apparent to the ordinary observer, and whose existence is not known to the inhabitants of the city generally." This rule is broader than we care to establish, and broader, we think, than that recognized in *Anderson v. City of Albion,* 64 Neb. 280. In a city the size of Omaha it would be

49

going to great lengths to say that the city should not be charged with notice of a defect in its streets until it became so notorious as to be known throughout the city, but we are of the opinion that it should be known to more than those who occupy the premises adjacent to the street upon which the defect exists, or be so open and visible that ordinary inspection and ordinary care would bring it to the knowledge of those in charge of the streets. There is no evidence in the record before us that anyone, except those occupying the premises in the immediate vicinity of the sidewalk where the accident occurred, had any knowledge that the cover to this scuttle hole had ever become displaced, unless it be the evidence of one witness, who testified that on one occasion about a week previous to the accident he saw the hole uncovered, and a traveler along the sidewalk immediately replaced the cover. The occupant of the premises testified that he saw the cover off on but two or three occasions, and a fair deduction from the evidence is that during the two or three weeks previous to the accident, and while the fastenings were broken, the cover was not off to exceed a half a dozen times, and on each occasion was immediately replaced. The instructions as a whole fairly presented the law of the case, but, in our opinion, the verdict was clearly in conflict with the third instruction above quoted and is not supported by the evidence.

We recommend that the judgment be reversed and the cause remanded.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded.

REVERSED.