MAGGIE E. WARNER, APPELLEE, V. CITY OF WAYNE, AP-
PELLANT.

FILED APRIL 3, 1914. No. 17,604.

1. **Appeal: BILL OF EXCEPTIONS.** The court will not review alleged
error in the exclusion by the trial court of certain drawings when
the tendered exhibits are not made a part of the bill of excep-
tions.

2. ———: **CONFLICTING EVIDENCE.** A verdict on conflicting evidence,
approved by the trial court, will not ordinarily be disturbed in the
appellate court.

3. **Trial: REFUSAL OF INSTRUCTIONS.** It is not error to refuse an
instruction where the legal principle embodied therein has been
fully stated to the jury in another instruction.

4. **Municipal Corporations: DEFECTIVE SIDEWALK: CONSTRUCTIVE NOTICE.**
Where a walk, about 150 feet long, was old, and was dilapidated
over such a portion of its length that its defective condition
was clearly visible, and had so remained for a long time, the city
was chargeable with constructive notice that the whole walk was
unsafe. The fact that a portion of it at one end, upon which
the plaintiff fell, seemed to a casual observer to be in good con-
dition upon the surface did not relieve the city from using rea-
sonable diligence to keep such portion in reasonable repair.

APPEAL from the district court for Wayne county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*C. H. Hendrickson* and *A. R. Davis,* for appellant.

*F. S. Berry, contra.*

LETTON, J.

This is an action for damages for personal injuries sus-
tained by reason of plaintiff's fall upon a defective side-
walk in the city of Wayne. Plaintiff recovered a judg-
ment for $500, and the city appeals.

The petition is in the usual form, except that it alleges
that at the time she fell the plaintiff was pregnant, and
she suffered a miscarriage as a result of the fall. The an-
swer is a general denial, with a plea of contributory negli-
gence.

A former street commissioner of the city testified that he made an examination of the walk upon the block where the plaintiff fell in the spring of 1910; that it was a board walk nailed upon stringers, and that the stringers were rotten in places and some of the boards were gone; that there were some of the places upon the walk that were better; and that he made a written report of its condition to the city clerk; and that before this time he had told the chairman of the street and alley committee of its defective condition. The plaintiff, who is a married woman 38 years of age, testified that she had five children, the youngest of whom was $2\frac{1}{2}$ years old; that up to the time of her fall she had been in good health and able to perform all of her housework, and had never suffered a miscarriage or abortion; that on the 19th of August, 1910, she was returning home about noon, walking with another woman, side by side, and that as they walked a board flew up, which tripped her, causing her to fall; that her knee was bruised, and she suffered a pain in her side and abdomen; that she told her husband about it when she reached home, but went back to her work in the afternoon; that she was then pregnant; that a few days afterwards she began to flow; that a physician was called, but she flowed more or less all the time until November 10, when she was taken to the hospital in Sioux City, where she suffered a miscarriage; and that since she fell her health has been poor, and she is still unable to do her usual work. On cross-examination she testified that she had been passing over this walk several times a day; that she knew that there were rotten stringers in it and some boards missing, but that the condition of the walk at the place where she fell looked all right; that any one passing over that part would not observe any defects in it. While the plaintiff's evidence as to the defective condition of the walk was disputed, we think it was sufficient to justify the jury in finding in her favor upon that issue.

The defendant insists that, because about 30 feet of the walk at the point where plaintiff fell appeared upon the surface to be in good order, it was not charged with notice

of the defective condition at that point, and that it was not its duty to search for defects, under the rule announced in *City of Omaha v. Kochem* 74 Neb. 718, that a city will not be charged with notice of a latent defect in a sidewalk. This principle was applicable to the facts in that case where the fall resulted from stepping upon the cover of a scuttle-hole which appeared to be safely in place, but it is not applicable here. The old walk was 150 feet long, a portion of the boards were gone, and the fact that it was old and out of repair was clearly visible. The portion upon which the plaintiff walked seemed sound to an ordinary observer. If the city had used proper and reasonable care, it must have ascertained that the portion which seemed safe upon the surface was also defective. We think the age and general condition of the walk was sufficient to charge the city with notice of defects over its whole length. *Anderson v. City of Albion,* 64 Neb. 280.

Complaint is made as to instructions given as to the measure of damages. The court instructed the jury very fully with regard to the respective rights and duties of both plaintiff and defendant and as to the measure of damages. We find no error in these instructions.

Several doctors testified that they believed that the cause of the miscarriage was marginal placenta prævia, while Dr. Blair, the plaintiff's family physician, testified that in his opinion the fall was the direct cause of the miscarriage. There is a direct conflict in the evidence of Mrs. Warner and some of the other witnesses as to whether she had suffered from hemorrhages and pain in the region of the uterus before the time that she fell. If the testimony of these witnesses was credited by the jury, it would support the view of the physicians who testified that in their opinion Mrs. Warner had a uterine disorder which caused the miscarriage. This subject was fully gone into at the trial, and we must abide by the finding of the jury upon the disputed facts.

Complaint is made that the court refused to give instruction No. 7, requested by defendant. The requested in-

struction described at length an ailment or disease known as "placenta prævia," and instructed the jury that, if they found that this condition was the cause of the miscarriage, they should find for defendant. The jury, however, were instructed in substance, that the fact that plaintiff had a miscarriage does not of itself prove that the alleged fall was the proximate cause of the premature birth, that there must be evidence to establish that the fall was the direct cause of plaintiff's injuries, and that unless they so found they should find for defendant. This thought was expressed in more than one instruction. The general includes the particular. Since the court had already instructed the jury that, if they believed the miscarriage resulted from another cause than the fall, they should find for defendant, there was no error in refusing instruction No. 7. The court also instructed the jury in favor of the city that the defendant had sustained no permanent injury or impairment of health.

It also assigned as error that the court refused to admit in evidence two drawings of the uterus and adjacent organs showing a marginal placenta prævia. The tendered exhibits do not appear to be attached to the bill of exceptions. The question before the jury was not what conditions are known in the medical profession as placenta prævia, but whether such conditions existed before the plaintiff fell, and were the proximate cause of the miscarriage. We are unable to see how this evidence could have aided in the determination of that question, and think there was no error in its exclusion.

It may be proper to say here that none of the instructions tendered by the defendant relating to this subject were strictly accurate statements of the law, since if the jury found in plaintiff's favor upon the issues as to negligence, she was entitled to recover for such injuries as she actually suffered, even if slight in degree, and though the miscarriage was not caused by the fall.

The real controversy in this case is upon questions of fact which were determined by the jury.

The rights of the city seem to have been carefully guarded by the trial judge. We find no error in the record, and the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.