No. 33,697

Janie Camp, *Appellee*, v. The City of Pittsburg, *Appellant*.

(76 P. 2d 831)

Opinion filed March 5, 1938.

*Ben W. Weir,* of Pittsburg, for the appellant.

*M. B. Munson* and *A. H. Carl,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover damages for injuries alleged to have been sustained on a sidewalk on the streets of defendant city. Judgment was for plaintiff. Defendant appeals.

The petition alleged that on June 1, 1935, in the walk in question, there was a loose hexagonal cement block. The petition there contained the following allegation:

"That all support to the said hexagon cement block had crumbled and broken away and that there was no foundation under the said cement block to support it; that there was a deep hole under the said hexagon cement block which caused the said hexagon block to become unsteady underfoot, to rock, wabble and incline from one side to the other."

The petition then alleged that defendant permitted this cement block to remain in an unsafe and dangerous condition, and that on June 1, 1935, while plaintiff was walking along the sidewalk in question, with a friend, the friend stepped on the loose cement block, it tipped up, and as it tipped up the plaintiff's foot slipped into the hole under the cement block, and it fell back and struck plaintiff on the leg and injured her. The petition then alleged that the city, through it officers and agents charged with the construction and maintenance of the sidewalk, had actual knowledge, or by the exercise of ordinary diligence should have known, that the sidewalk was unsafe for pedestrians, and the defendant negligently permitted the sidewalk to remain in such condition until after plaintiff was injured.

The answer of the city was a general denial and a plea of contributory negligence.

The plaintiff testified, among other things, as follows:

"Mary Ann was about a foot ahead of me and all at once I stepped in a hole and felt something come back and hit me on the leg and I fell forward."

She testified further that the hole underneath the block was about a foot deep.

Her companion testified that immediately after plaintiff was injured she saw a man fixing the block back in place and that she got on the block one evening after the injury and "it wabbled a little bit." She testified further as follows:

"It was tilted up like that, you see. I stepped on it. I was over to the west and as it went up it was south like that and Janie come along like this and she stepped in it like this and fell to the northeast."

The next witness testified that two or three months before June 1, 1935, she stepped on a block in front of the store where this injury is alleged to have occurred; that a piece was broken off; that her heel caught and it threw her forward. She did not notice any other broken blocks.

The next witness testified that in the latter part of April he bumped his right toe on one of the blocks; that it was raised about three fourths of an inch; that the block north of it was broken in two; that the condition of the blocks at this point was uneven; that after the injury he went with the husband of plaintiff to look at the block in question and it was still loose.

The next witness was the husband of plaintiff. He testified that after the injury he observed the sidewalk in question; that the blocks were cracked and were depressed about two and one half or three inches where they were cracked; that he stepped on several of the blocks and they would move one way or another; that he found one block cracked in the middle and it stuck up on both edges. He testified further that prior to June 1, 1935, he walked along the walk in question nearly every day; that at this particular point seventy-five percent of the blocks were broken; that he never said anything to his wife or any of the city officials about the condition of the walk.

The street commissioner testified for the defendant that he inspected the sidewalk in question; that the purpose of his visit was to repair the depressed blocks on account of a call from the man

who owned the property in front of which the walk was located; and that the owner later put in a new cement walk.

At the conclusion of the evidence of plaintiff defendant demurred to it. This demurrer was overruled. The case was submitted to the jury, which returned a verdict for the plaintiff, and answered certain special questions. Motions were filed by defendant for a new trial, for judgment notwithstanding the general verdict, and to set aside certain answers to special questions. These motions were all overruled. The appeal is from that judgment.

Defendant argues, first, that the trial court erred in overruling the demurrer of defendant to the evidence of plaintiff.

It will be noted that the petition of plaintiff charged that the injury was caused by a block having such a hole underneath it that when the person in front of the plaintiff stepped on it, it raised up, and plaintiff stepped underneath it so that it fell back on her leg. The testimony of plaintiff and her companion established that this is what happened. Since this is true, we must examine the evidence of plaintiff as to what notice the city had of the condition that caused the injury. There is no evidence at all that any of them had actual notice.

Plaintiff argues that the evidence established that the city could, with the exercise of reasonable diligence, have discovered this condition. The rule is stated in *Jansen v. City of Atchison*, 16 Kan. 358, as follows:

"To make a city liable for injuries resulting from a defect in a sidewalk, it must appear either that the city had notice of the defect, or that it was a patent defect and had continued so long that notice might reasonably be inferred, or that the defect was one which with reasonable and proper care should have been ascertained and remedied." (Syl. ¶ 4.)

That rule has been followed many times by this court. Indeed, its soundness is not disputed seriously by plaintiff here.

The rule with which we are interested is as follows:

"Notice of one particular defect which caused an injury cannot be established by proof of notice of another particular defect which is in no way related to the former and did not contribute to the injury. . . . " (43 C. J. 1053.)

See, also, *Nothdurft v. City of Lincoln*, 66 Neb. 430, 92 N. W. 628, 96 N. W. 163; also, many cases cited in 20 L. R. A., n. s., 719.

When we examine the evidence offered by plaintiff on this point we find that the most she proved was that an occasional block stuck up a little above the surrounding blocks or there was an occasional

loose block or one that was cracked. There was testimony that seventy-five percent of the blocks there were cracked, but it would be impossible for a cracked block to have caused this particular injury.

We have concluded that giving the evidence of plaintiff the benefit of every reasonable inference to be drawn therefrom there is not sufficient proof that the city officials by the exercise of reasonable diligence could have learned of the condition that caused the injury in question to warrant the submission of this case to the jury. It follows that the demurrer of the defendant to the evidence of plaintiff should have been sustained.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.